FREEMAN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. October 6, 1916.)

CRIMINAL LAW ⚙︎168—TRIAL—FORMER JEOPARDY.

During the trial of a criminal prosecution, the judge became ill and unable to proceed. Under an order providing that the trial might proceed before another judge, if defendant consented, the trial was continued; defendant consenting. *Held* that, as defendant's consent resulted in the continuation of the trial, and as the proceedings after substitution of judges were on appeal declared nullities, such proceedings did not constitute former jeopardy, entitling defendant to discharge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 290–303; Dec. Dig. ⚙︎168.]

On motion for modification of mandate of reversal. Motion denied, and former opinion upheld.

For former opinion, see 227 Fed. 732, 142 C. C. A. 256.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The defendant, whose conviction in this case we have heretofore reversed (227 Fed. 732, 142 C. C. A. 256), moves that the mandate of reversal be recalled and modified, so as to direct his discharge. His theory is that there should not be a new trial, because he has already been once in jeopardy, and to try him again would be a violation of the Fifth Amendment to the Constitution.

As we have already held that all proceedings before the judge substituted for the trial judge were nullities, the defendant has not been in jeopardy because of the verdict, judgment, or sentence. No doubt he was in jeopardy down to the time the trial judge withdrew from the case, but the jury in a criminal case may be discharged because of the judge's inability to proceed with the trial on account of illness, and in such event the defendant is not in jeopardy and may be tried again.

The grave illness of the trial judge and his inability to proceed were facts certified to by two physicians and found by the three remaining judges of the District Court in a formal order. The defendant asked for no further proof, offered none, and made no objection. His present contention that the proof was insufficient is wholly without merit.

The same order provided that the trial might proceed before another judge, if the defendants consented thereto. It was as fully implied in this order, as if it had been expressly stated, that the trial would be terminated in the usual way by the discharge of the jury, if the defendants did not consent.

The defendants did consent to proceed, and by his consent this defendant made it impossible to discharge the jury, waived his right to have them discharged, and cannot now claim to have been in jeopardy because they were not discharged.

For these reasons, the motion is denied.

⚙︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes