For the reasons stated herein, the judgment is reversed.

CLEMENS, P. J., and STEWART, J., concur.

**STATE of Missouri, Respondent,**

v.

**Charles WILLIAMS, Appellant.**

**No. 10125.**

Missouri Court of Appeals, Springfield District.

May 5, 1976.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Lawrence H. Rost, New Madrid, for appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Charles Williams was convicted by a Butler County jury of the first degree robbery of Mrs. Sandra Midkiff and the felonious assault of Norris Pullen, and the trial court ordered consecutive sentences. Illegal search and seizure, a tainted in-court identification, and evidence of a separate crime are assigned as errors. We affirm.

On December 4, 1973, at about 2 o'clock in the afternoon, Mrs, Midkiff was alone in the package liquor store she and her husband operated in Stoddard County. The defendant, a Negro dressed in a yellow shirt and red plaid pants, entered the store and made inquiries about lunch meats. Some conversation ensued between the proprietress and the defendant, and then two other Negro men, identified as the Rosses, entered the store. One of the Rosses was brandishing a pistol. Mrs. Midkiff was beaten, bound with rope, and her eyes and mouth taped. The cash register was rifled, as was Mrs. Midkiff's purse, and liquor and cigarettes were taken. Mrs. Midkiff heard a gunshot. Before the trio left, a bottle was forcibly inserted into her vagina.

About 2:20 p. m. Norris Pullen arrived at the liquor store. He saw a Buick automobile parked outside the store and noticed the right front fender was missing. As Pullen neared the front door and reached down to pick up a coin from the ground, he was struck on the head and rendered unconscious. Pullen was also shot, bound, and covered with a mattress in the rear part of the store.

About 3 o'clock Herman Maxwell saw the defendant and two other men climb from

the Buick near the intersection of Route P and Interstate Highway 55 in New Madrid County. The three men "got the stuff out of the car, cigarettes, and run across the highway and got into a car with another fellow and left."

Authorities had the Buick towed to New Madrid where an officer of the Missouri State Highway Patrol examined the car about 5 o'clock. He found several bottles of whiskey on the floorboard and underneath a seat and found a check stub with Mr. Midkiff's name on it on the rear floorboard. The officer also removed a portion of the floor mat from the vehicle.

Deputy Sheriff Dees went to the home of defendant's mother in New Madrid that night and, after being granted permission to look for clothing worn by the defendant during the day, found and took into possession a yellow shirt and red plaid pants.

■ It is clear from the transcript that the defendant and his companions *abandoned* the Buick automobile, and the subsequent search and seizure of the whiskey bottles and check stub was not rendered unconstitutional by lack of a search warrant. *State v. Achter*, 512 S.W.2d 894 (Mo. App.1974). Furthermore, defendant did not present any evidence to demonstrate his *standing* to assert the illegality of the search and seizure. There was no evidence defendant was the owner or had any possessory interest in the automobile. *State v. Damico*, 513 S.W.2d 351 (Mo.1974); *State v. Hornbeck*, 492 S.W.2d 802 (Mo.1973). Defendant's point is without merit.

■ We do not agree Mrs. Midkiff's in-court identification of the defendant was tainted by an earlier impermissible line-up identification. The record demonstrates that Mrs. Midkiff had ample opportunity to closely observe the defendant during the period prior to and during the initial stages of the robbery. Her in-court identification of the defendant as one of the robbers had a source independent of the pretrial lineup, assuming that procedure was impermissibly suggestive. We find no error. *State v. Ross*, 502 S.W.2d 241 (Mo.1973).

■ The defendant's complaint regarding the admissibility of his shirt and trousers must fall. Without contradiction Officer Dees stated the defendant's mother gave him permission to look around her house for the articles of clothing. The officer, without objection, testified as to the mother's consent to search her dwelling. On the record before us we find defendant's mother had authority to consent to the search, and the trial court did not err in admitting the articles of clothing. *State v. Pruitt*, 479 S.W.2d 785 (Mo. banc 1972).[1]

■ During the course of the robbery, the bottle was forcibly inserted into Mrs. Midkiff's body. The defendant contends this act constituted a separate and distinct crime of sexual assault and the testimony of the victim concerning the event was reversible error. We disagree. Here, the circumstances are such that the deplorable act mentioned formed a part of the res gestae of the robbery and was inseparable from that crime. "When a defendant in the course of the perpetration of one crime commits another, the state is not required to nicely sift and separate the evidence and exclude the testimony, tending to prove the crime for which he is not on trial, when it forms a part of the res gestae of the crime charged." *State v. Sinovich*, 329 Mo. 909, 46 S.W.2d 877, 880 (1931). *See also State v. White*, 301 S.W.2d 827 (Mo.1957); *State v. Cox*, 508 S.W.2d 716 (Mo.App.1974).

The judgment is affirmed.

All concur.

---

1. We also observe that defendant did not move to suppress the whiskey bottles, check stub, floor mat or shirt and pants as products of unlawful searches and seizures. *State v. Caffey*, 457 S.W.2d 657 (Mo.1970); *State v. Fields*, 442 S.W.2d 30 (Mo.1969).