STATE of Missouri, Respondent,

v.

Frederick Thurman DAVIS, Appellant.

No. 60189.

Supreme Court of Missouri,
En Banc.

April 14, 1978.

Meir Westreich, Mary-Louise Moran, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson and Stanley H. Robinson, Asst. Attys. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Frederick Thurman Davis, was convicted of murder in the second degree by a jury in the Circuit Court of the City of St. Louis and was sentenced to imprisonment for a term of fifteen years. Following rendition of judgment and imposition of sentence, an appeal was perfected to the Missouri Court of Appeals, St. Louis District, where the judgment was reversed and the cause remanded. Upon application of respondent, the cause was transferred here by order of this Court. We determine the cause "the same as on original appeal". Mo.Const. Art. V, § 10.

The question of general interest or importance is whether, after trial has commenced under one judge who becomes disabled after all the evidence is adduced but before instructions are given, argument is had and verdict returned, another judge may be substituted and preside in his place.

The facts of this case indicate that after both the State and the appellant rested their cases, but prior to the giving of instructions, closing argument and submission of the case to the jury for verdict, the trial judge became ill and was hospitalized. At this point in the trial there remained to be ruled upon: (1) a motion to suppress identification which was taken with the case; (2) a motion for judgment of acquittal at the close of all of the evidence; (3) the determination of the instructions to be read to the jury; and (4) final argument. The court was adjourned for the day and the following morning the judge presiding in the Criminal Assignment Division of the Court was advised that the judge presiding at the trial of the cause had become ill and had been taken to the hospital. Another judge was assigned to proceed with the trial. Prior to proceeding with the case, the substitute judge conferred with counsel in chambers. During the course of this conference the substitute judge advised counsel that he had reviewed "the judge's notes that he took during the trial". He also conferred with counsel for the parties "in a review of the testimony" and stated that he had also reviewed the file itself so that he would be in a position "to instruct and argue". He announced that he was ready to proceed with the case.

Defense counsel objected to proceeding in this fashion and advised the substitute judge that there was still pending and unruled on a motion to suppress identification, the motion for judgment of acquittal at the close of all of the evidence, the question of what instructions were appropriate to the evidence, and final argument which might raise points that only the judge who listened to the evidence might be able to rule upon. He then requested that a mistrial be declared. Further discussion disclosed that there was no post-arrest confrontation of the appellant with any of the witnesses while he was in custody and that witnesses for both the State and appellant were acquainted with him for some time preceding the incident for which he was on trial. The substitute judge then stated that his review of the testimony placed him in a position to rule upon the pending motions and he proceeded to overrule the motion to suppress identification and the motion for judgment of acquittal.

Defense counsel next objected because of the Habitual Criminal allegation in the indictment, contending that because the trial judge would assess the punishment were the appellant found guilty of the charge for

which he was on trial, the judge who actually heard the evidence in support of the Second Offender Act, § 556.280, RSMo 1969, should be the one to impose the sentence. This objection, too, was overruled and motion for mistrial denied on that ground because the substitute judge was of the opinion that he could assess punishment if the appellant were found guilty of the charge or, if the judge who had presided theretofore returned, he could assess the punishment. The substitute judge then proceeded to overrule all of the pending motions based upon his "review of the evidence" and the case was then concluded.

In the federal courts, the problem of a judge's becoming disabled during trial is dealt with by Fed.R.Crim.P. 25(a), which states:

> "(a) During Trial. If by reason of death, sickness or other disability the judge before whom a jury trial has commenced is unable to proceed with the trial, any other judge regularly sitting in or assigned to the court, upon certifying that he has familiarized himself with the record of the trial, may proceed with and finish the trial."

In 2 C. Wright, Federal Practice and Procedure § 392 (1969), the status of the law applicable to federal courts is summarized as follows:

> "Rule 25(a) is a new provision, added in 1966. It provides that if, during the course of a jury trial, the judge before whom trial is commenced becomes unable to proceed by reason of death, sickness, or other disability, any other judge regularly sitting in or assigned to the court may proceed with and finish the trial upon certifying that he has familiarized himself with the record of the trial.

> "The new provision was added in response to a recommendation of the Judicial Conference of the United States, intended to meet the problem of illness or disability of a judge during the trial of a protracted case, a problem thought to have become more acute with the increase in the number of protracted cases.

> "Although subdivision (a) serves a useful purpose, it may well be open to constitutional question. Indeed when Rule 25 was originally being formulated the Supreme Court commented adversely on a draft that apparently would have permitted substitution during the trial, asking if it had been considered whether such a rule were constitutional and in any event whether as a matter of policy it should be permitted.

> "In a well-known older case, the Second Circuit held that the Constitution does not permit substitution of a judge during a criminal trial even with the consent of the defendant. [*Freeman v. United States*, 227 F. 732 (2d Cir. 1915), modification of mandate denied, 237 F. 815 (1916)] It thought that in a criminal case 'trial by jury means trial by a tribunal consisting of at least one judge and twelve jurors, all of whom must remain identical from the beginning to the end.' And since it thought that defendant is powerless to consent to waiver of jury trial, altogether, he is powerless to waive this element of jury trial. The latter portion of the Second Circuit's reasoning is no longer of force. It is now settled that a defendant may waive jury trial [*Patton v. United States*, 281 U.S. 276 [50 S.Ct. 253, 74 L.Ed. 854] (1930)], and it would seem to follow that he may waive this element of it. Accordingly Rule 25(a) poses no substantial constitutional problem if the defendant consents to substitution of judges during trial. The reasoning of the Second Circuit still has vitality if defendant does not consent. In the absence of consent, it would seem that Rule 25(a) cannot be validly applied, and that the death or disability of the judge requires that a mistrial be granted."

No Missouri case has decided the issue of whether, in a criminal cause, a new judge may be substituted for a judge who becomes disabled after evidence has been presented but before instructions have been given and final arguments had. Cases in other jurisdictions have held it is reversible error to substitute a judge at a similar

point in a trial without the consent of the defendant. *Commonwealth v. Claney,* 113 Pa.Super. 439, 173 A. 840 (1934); *Mason v. Ohio,* 28 C.D. 203, 26 Ohio C.C. 535 (1904); *Durden v. People,* 192 Ill. 493, 61 N.E. 317 (1901). We are unable to find any state court case approving of such a substitution. We decline at this time to adopt a rule of practice comparable to Fed.R.Crim.P. 25(a). We invite comments from the Bench and Bar as to whether a comparable rule should be made a part of our Rules of Criminal Procedure. Cf. Rule 79.01.

The judgment is reversed and the cause remanded.

MORGAN, C. J., and HENLEY, FINCH, RENDLEN and SEILER, JJ., concur.

BARDGETT, J., concurs in result.