Sebastian C. NICOLOSI, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 43305.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 1982.

Application to Transfer Denied May 17, 1982.

Scott Richardson, Richardson & Jianakoplos, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

Sebastian C. Nicolosi appeals from a judgment, entered after an evidentiary hearing, denying his Rule 27.26 motion. The judgment is affirmed.

Movant was convicted by a jury of two counts of illegal possession of a Schedule II controlled substance, one count of illegal possession of a Schedule IV controlled substance, and one count of illegal sale of a Schedule IV controlled substance. The court sentenced movant to prison terms totalling 12 years. The convictions were affirmed on direct appeal in *State v. Nicolosi*, 588 S.W.2d 152 (Mo.App.1979). Movant served as his own counsel at the trial.

Movant raises two points on appeal from the trial court's judgment denying his Rule 27.26 motion. First, he asserts that he signed no written waiver of counsel as required by § 600.051.1, RSMo 1978,[1] and,

1. Section 600.051.1, RSMo 1978 provides in part:

"1. Any judge of a court of competent jurisdiction may permit a waiver of counsel to be

therefore, he was denied effective assistance of counsel. Second, he alleges the trial court in the original trial erred in not requiring the state to reveal the identity of a confidential informant.

 Movant's first point is denied because this court on direct appeal found movant had intelligently waived his right to counsel.

"From this record we conclude that the appellant knowingly and intelligently waived his right to counsel and we further hold that having elected to represent himself he cannot now complain that the quality of his own defense amounted to a denial of effective assistance of counsel. *Faretta v. California,* 422 U.S. 806, 835, n. 46, 95 S.Ct. 2525 [2541, n.46], 45 L.Ed.2d 562."

*State v. Nicolosi, supra* at 157[9]. Rule 27.26(b)(3) provides that a Rule 27.26 motion cannot be used as a substitute for a second appeal. *Gailes v. State,* 454 S.W.2d 561, 563[2] (Mo.1970). Movant is attempting in his motion to obtain a second review of an issue already decided on direct appeal. This he cannot do.

Movant argues that he did not sign a written waiver of counsel as mandated in § 600.051.1, RSMo 1978, citing *Peterson v. State,* 572 S.W.2d 475, 477[2] (Mo.banc 1978), in which the supreme court held that failure to use the written form is reversible error. No mention of the *Peterson* case was made in movant's direct appeal. The result may have been different if *Peterson v. State, supra,* had been brought to the appellate court's attention. However, it was not, and the court ruled that movant had knowingly and intelligently waived his right to counsel. Thus the constitutional right to counsel issue was settled on direct appeal. Movant cannot now use a Rule 27.26 motion as a substitute for a second appeal to raise the identical issue. Rule 27.26(b)(3). *Gailes v. State, supra* at 563[1].

filed in any criminal case wherein a defendant may receive a jail sentence or confinement if the court first determines that defendant has made a knowledgeable and intelligent waiver of

 Movant's second point can be disposed of summarily. He complains the original trial court erred in not requiring the prosecution to divulge the identity of a confidential informant. This is a trial error which should have been raised on direct appeal. This court rejects movant's argument that the claimed error affected his constitutional right to effective assistance of counsel. Rule 27.26(b)(3).

The findings, conclusions, and judgment of the trial court were not clearly erroneous.

The judgment is affirmed.

REINHARD, P.J., and CRIST, J., concur.

the right to assistance of counsel and the waiver is signed before and witnessed by the judge or clerk of the court, ...."