Jerry JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. WD32783.

Missouri Court of Appeals, Western District.

May 11, 1982.

---

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C. J., and WASSERSTROM and MANFORD, JJ.

WASSERSTROM, Judge.

Jerry Jones appeals from the trial court's denial of his third motion under Rule 27.26. He was convicted of armed robbery and sentenced in 1951 to life imprisonment as a habitual criminal. No appeal was taken. In 1964 he filed a pro se motion to vacate which was overruled without evidentiary hearing. He appealed, and the Supreme Court of Missouri remanded the case for further proceedings in accordance with the newly revised Rule 27.26.

An amended motion was filed with the aid of an attorney. It alleged four grounds for relief: (1) the trial court failed to make a record of sufficient finding outside the presence of the jury of the voluntariness of his written confession; (2) the decision not to appeal was solely that of his attorney; (3) ineffective assistance for failure to appeal; (4) erroneous instruction to jury on issue of voluntariness of his confession. The trial court vacated the original sentence and judgment on the ground that he had been denied an appeal solely because of his attorney's decision but denied relief on the other three grounds. Direct appeals were taken from his conviction and from the denial of the other three grounds on the 27.26 motion. The appeals were consolidated, and conviction was affirmed as was the trial court's partial denial of the motion. *Jones v. State*, 445 S.W.2d 311, 312 (Mo. 1969).

Jones then unsuccessfully pursued habeas corpus in the Missouri courts (1972) and twice in the federal courts (1972 and 1973). Thereafter, in 1975, he filed a second 27.26 motion, one ground of which was that his sentence had been improperly enhanced by use of a prior California conviction. That 1975 motion was denied without an evidentiary hearing. This court affirmed in *Jones v. State*, 521 S.W.2d 504 (Mo.App.1975), for the reason that the grounds alleged could have been presented in the first 27.26 proceeding.

On October 16, 1980, the present third 27.26 motion was filed, alleging eight grounds for relief. The trial court overruled the motion without an evidentiary hearing, and this appeal followed. Of the eight grounds set forth in the motion, the only one urged on appeal is that his sentence was improperly enhanced under the Second Offender Act by use of the prior conviction in California.

The hearing court rejected the claim in question for the reason that the same contention had been ruled against him in his second (the 1975) 27.26 motion. Jones ar-

gues the court erred in doing so, because: (1) the 1964 motion had been directed against the original 1951 conviction, whereas the 1975 and 1980 motions were necessarily directed to the "new" sentence entered in 1967 when the original sentence was vacated; (2) the 1975 motion should therefore have been considered as the first motion seeking to set aside the 1967 sentence; (3) the grounds alleged in the 1975 motion were never considered on their merits; and (4) therefore the present 1980 motion should not be deemed barred.

Jones' attenuated argument could be answered in a number of ways, each independently conclusive. The simplest and therefore the best answer is that Jones had his chance to present his present argument at the time of the 1975 motion. Right or wrong, this court has already held barred any complaint based on use of the California conviction. That ruling is now res judicata. *Franklin v. State*, 622 S.W.2d 4 (Mo. App.1981); *Frost v. State*, 589 S.W.2d 370 (Mo.App.1979). A second motion under Rule 27.26 may not be employed as a procedure to attack the result of a prior 27.26 proceeding. *Frost v. State, supra.* A matter decided on an earlier appeal cannot be subjected to another review by a subsequent 27.26 proceeding, even though the litigant has a different theory to suggest. *Sweazea v. State*, 515 S.W.2d 499 (Mo. banc 1974).

Affirmed.

All concur.