**STATE of Missouri, Respondent,**

v.

**Ricky CHOATE, a/k/a Richard Hubbard, Appellant.**

**No. 12557.**

Missouri Court of Appeals, Southern District, Division One.

July 22, 1982.

John D. Ashcroft, Atty. Gen., Jay A. Daugherty, Asst. Atty. Gen., Jefferson City, for respondent.

Russell A. Ward, Joplin, for appellant.

PER CURIAM.

Defendant, Ricky Choate, a/k/a Richard Hubbard, appeals an order of the Jasper County Circuit Court denying his motion to withdraw his plea of guilty to a class C felony charge of forgery.

■ Choate argues that his plea was coerced in that his attorney advised him that if he did not plead guilty to the charge, his bail would be revoked. Our review is limited to a determination of whether the ruling of the trial court was clearly erroneous. *State v. Nielsen*, 547 S.W.2d 153, 158 (Mo.App.1977). Choate had the burden of proving by a preponderance of the evidence that his plea was coerced and therefore involuntary. *Johnson v. State*, 607 S.W.2d 185, 186 (Mo.App.1980).

■ An examination of the record reveals that Choate has failed to carry that burden. Before accepting Choate's plea, the trial court meticulously explained to Choate what his constitutional rights were, made sure that he understood the charge, explained that, as a persistent offender, Choate could receive 15 years' imprisonment after a guilty plea, asked him if anyone was forcing him to plead guilty, to which question Choate replied, "No", and questioned Choate extensively regarding a plea bargaining agreement that he had entered into with the state. The agreement was that the state would make no recommendation regarding a sentence and would recommend to the trial court that 1) Choate be allowed to remain free "on bond in ef-

fect prior to September 3, 1981"; 2) sentence be deferred for 90 days; and, 3) another criminal charge pending in Jasper County against Choate be dismissed.

Choate told the trial judge he understood the plea bargain agreement and had no questions about it. Choate also related to the trial judge, after the prosecuting attorney had stated the facts of the case, that he believed he would be convicted if he went to trial. After accepting Choate's plea of guilty, the trial court set a persistent offender and sentencing hearing at which the state presented evidence of two prior felony convictions of Choate. The court found Choate to be a persistent offender. Before sentencing, Choate orally moved to withdraw his guilty plea. He told the trial court he wanted to go to trial because the state's main witness had "perjured herself on the stand", and that his lawyer had told him that if he did not plead guilty he was going back to jail. Upon questioning by the court, Choate admitted that every aspect of the plea bargain agreement had been complied with by the state. The trial court found that Choate's guilty plea had been voluntarily and intelligently made, and overruled the motion to withdraw the plea. The trial court, after commenting that the presentence report indicated that Choate had nine prior convictions and criminal charges pending against him in four other counties, sentenced Choate to 15 years' imprisonment.

Choate offered no evidence other than his self-serving statement that his plea was coerced. The trial court did not have to believe him and evidently did not. The trial court's order overruling the motion to withdraw Choate's plea of guilty was not clearly erroneous and is supported by the record.

The judgment is affirmed.

All concur.