**Seibert Ray MEDLEY, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 45068.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1982.

Robert J. Thomas, Jr., St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRANDALL, Judge.

Movant, Seibert Ray Medley, appeals from a judgment, entered without an evidentiary hearing, which denied, in part, his Rule 27.26 motion. The trial court vacated movant's armed criminal action conviction but denied the rest of the motion. We affirm.

On February 15, 1977, movant was charged with robbery in the first degree and armed criminal action. The evidence adduced at trial showed that there had been a robbery of a drug store in the City of St. Louis. Movant was identified by three witnesses as having committed that robbery.

On March 22, 1978, the jury returned a verdict of guilty on both counts. Movant was sentenced to twenty years for robbery in the first degree and three years for armed criminal action, the latter to commence at the expiration of the former. The convictions were affirmed in *State v. Medley,* 588 S.W.2d 55 (Mo.App.1979).

■ We initially note that our review of a motion to vacate a conviction is limited to a determination of whether the findings, conclusions and judgments of the trial court are clearly erroneous. *Montgomery v. State,* 631 S.W.2d 671, 672 (Mo.App.1982).

■ Movant first alleges ineffective assistance of counsel because of the failure of trial counsel to renew a motion to suppress evidence during the trial. Trial counsel filed a motion to suppress evidence which was heard prior to trial and overruled. The motion was not renewed during the trial.

Movant was arrested at the home of James Spurlock, while hiding in a first floor bathroom. At the time of his arrest movant was allegedly a "boarder" in the home. The arresting officer searched the basement of the home with the permission of Mr. Spurlock and seized two pistols, a plastic bottle containing 417 capsules and two bottles containing pills.

Based upon the record[1] before us, movant's contention of ineffective assistance of counsel is without merit. Mr. Spurlock, the owner of the premises, clearly had the authority to consent to the search of his basement absent an allegation of exclusive possession of the basement by movant for his personal use. *State v. Worthon,* 585 S.W.2d 143, 148 (Mo.App.1979); *State v. Toney,* 537 S.W.2d 586, 593 (Mo.App.1976); *State v. Williams,* 536 S.W.2d 947, 949 (Mo.App. 1976). Thus movant has failed to allege facts which show that he was prejudiced by failure of trial counsel to renew the motion. *Page v. State,* 632 S.W.2d 293, 294–295 (Mo. App.1982). *Compare Seales v. State,* 580 S.W.2d 733, 734–735 (Mo.banc 1979).

■ Movant next contends that the trial court considered invalid prior convictions when sentencing him under the Second Offender Act.[2] Movant, however, failed to raise this issue on direct appeal. A contention that prior convictions should not be considered under the Second Offender Act because of lack of counsel cannot be made by a motion for post-conviction relief except perhaps in "rare and exceptional circumstances." *Armbruster v. State,* 613 S.W.2d 462, 463 (Mo.App.1981); *Turley v. State,* 571 S.W.2d 465, 466 (Mo.App.1978). Movant fails to allege "rare and exceptional" circumstances which would necessitate raising this point for the first time in his Rule 27.26 motion. Movant's second point is denied.

■ Appellant's third contention is that the convictions for robbery and armed criminal action constituted double jeopardy. The circuit court agreed and vacated movant's armed criminal action conviction. Movant now claims that the robbery conviction should have been vacated, not the armed criminal action conviction. We disagree.

The Missouri Supreme Court has declared that a conviction for armed criminal action

1. Movant refers to a supplemental transcript in his brief but has failed to provide this court with that transcript. It is movant's duty to prepare and file a transcript which incorporates the alleged error in the trial proceedings.

*State v. Cleveland,* 627 S.W.2d 600, 601 (Mo. 1982).

2. Section 556.280, RSMo 1969 (repealed January 1, 1979).

and for the underlying felony violates the constitutional protection against double jeopardy. *Sours v. State,* 593 S.W.2d 208 (Mo.banc 1980). In such cases, the armed criminal action sentence should be reversed, not the underlying felony. *State v. Kane,* 629 S.W.2d 372, 377 (Mo.banc 1982). Movant's third contention is denied.

 The fourth point raised in this appeal is that the trial court erred in allowing the State to introduce evidence of Medley's earlier escape from the St. Louis Municipal jail. Movant bases this contention on an invalid warrant. This issue was raised on direct appeal in *State v. Medley,* 588 S.W.2d 55 (Mo.App.1979) except there, Medley argued proof of the escape was not clear and convincing. A matter decided on an earlier appeal cannot be subjected to another review by a subsequent post-conviction relief proceeding, even though the litigant has a different theory to suggest. *Jones v. State,* 633 S.W.2d 756, 758 (Mo.App.1982). Therefore, movant cannot now obtain a second review of an issue already decided on direct appeal. *Nicolosi v. State,* 632 S.W.2d 260, 261 (Mo.App.1981).

 Movant's final contention is that he was denied due process and equal protection by not having one judge try his case. Judge Sanders had presided over the case and had heard all of the evidence. Judge Palumbo temporarily replaced Judge Sanders during jury deliberations and received the verdict of the jury.

For reversal of conviction, movant relies principally upon *State v. Davis,* 564 S.W.2d 876 (Mo.banc 1978). In *Davis,* a second degree murder conviction was reversed because of the substitution of a new trial judge when the former trial judge was hospitalized. *Davis,* however, is clearly distinguishable from the case at bar. The judicial substitution in *Davis* took place prior to rulings on: (1) a motion to suppress identification; (2) a motion for judgment of acquittal; (3) a determination of the instructions to be read; and (4) final argument. In the present case, Judge Palumbo performed only a ministerial duty of receiving the verdict.

In view of the fact that movant has failed to allege why the substitution was prejudicial, we find movant's final contention to be without merit.

The judgment of the trial court is affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.