Charles L. WILLIAMS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12858.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 13, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Dec. 30, 1982.

Application to Transfer Denied
Feb. 23, 1983.

David E. Woods, Regional Public Defender, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., John B. Jacobs, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant filed a motion under Rule 27.26, seeking to vacate convictions of first degree robbery and assault. Those convictions were affirmed in *State v. Williams*, 536 S.W.2d 947 (Mo.App.1976). Following a hearing, the trial court denied the relief sought. Movant contends that he received ineffective assistance of counsel at his trial because his trial counsel did not move to suppress as evidence certain items seized by law enforcement officers in a search of a

motor vehicle and in a search of movant's mother's house.

Even though such a motion would appear to be required,* and while noting that no motion to suppress was made, on direct appeal the search of the vehicle and movant's mother's home and the seizure of certain items from those places was considered and held to be proper. *State v. Williams,* supra, 536 S.W.2d at 949. No reason was shown at the hearing on movant's motion and none is asserted here that would indicate a different result would have been reached had a motion to suppress been filed.

 To prevail on a claim of ineffective assistance of counsel, movant must show that the attorney failed to exercise the customary skill and diligence that a reasonably prudent attorney would use under similar circumstances and that prejudice to him occurred. *Evans v. State,* 639 S.W.2d 648, 649 (Mo.App.1982); *Fields v. State,* 596 S.W.2d 776, 777 (Mo.App.1980). See also *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979). As it appears the evidence would have been admissible even had a motion to suppress been filed, the failure to file such a motion has not been shown to have caused prejudice to movant.

The judgment is affirmed.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.

* See Rule 24.05; *State v. Jackson,* 477 S.W.2d 47, 50-51 (Mo.1972); *State v. Caffey,* 457 S.W.2d 657, 659 (Mo.1970); *State v. Fields,* 442 S.W.2d 30, 33 (Mo.1969); *State v. Harrington,* 435 S.W.2d 318, 320 (Mo.1968).