Ricky D. CHOATE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13180.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 12, 1983.

David Robards, Public Defender, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for respondent.

**PER CURIAM.**

Movant filed a motion under Supreme Court Rule 27.26, seeking to have his conviction of forgery, following a guilty plea, set aside. Following an evidentiary hearing, the trial court denied the motion and movant appealed.

Movant requested oral argument in this court. When the matter was fully briefed we reviewed the record and the briefs and determined that oral argument would not be beneficial. Argument was denied and the case determined as if submitted on briefs. See this district's Special Rule 1(e), Mo.Rules of Court 453 (14th ed. 1983).

Before sentencing, movant asked the trial court to allow him to withdraw his plea of guilty. Following the trial court's refusal to allow him to withdraw it, movant appealed. On that appeal he contended that the trial court should have allowed him to withdraw the plea because his attorney advised him that if he did not plead guilty to the charge, bail would be revoked. This contention was denied. See *State v. Choate,* 637 S.W.2d 399 (Mo.App.1982).

His present contention also claims error in not allowing him to withdraw the plea of guilty. He contends that the trial court erred in not allowing him to withdraw it because he had bargained to plead guilty only if he were allowed to remain at liberty on bond and he was jailed when his bondsman withdrew the bond. Movant is now contending that there was an additional reason which made the ruling of the trial court that he questioned on his direct appeal erroneous. This was a matter he had to know of at the time of his direct appeal but did not raise.

■■ Movant's motion cannot be used as a substitute for a second appeal. Rule 27.26(b)(3). A matter decided on a direct appeal cannot be subjected to another review by a subsequent post-conviction relief proceeding, even though a different theory is presented. *Medley v. State,* 639 S.W.2d 401, 404 (Mo.App.1982). A movant cannot obtain a second review of an issue already decided on direct appeal. Id. The trial court's action in not allowing the withdrawal of the plea was sustained on appeal and cannot be questioned again on a theory that could have been presented then.

The judgment is affirmed.

All concur.