Mark MOLASKY, Movant,

v.

STATE of Missouri, Respondent.

No. 49592.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 1986.

Motion for Rehearing and/or Transfer
Denied April 22, 1986.

Application to Transfer Denied
June 17, 1986.

Cyril Mehrle Hendricks, Jefferson City, for movant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Judge.

Mark Molasky, movant, appeals from the trial court's order denying his motion to vacate judgment and sentence pursuant to Rule 27.26. We affirm.

On March 5, 1982, the jury found the movant guilty of rape, Section 566.030, RSMo 1978; three counts of sodomy, Section 566.060, RSMo 1978; and abuse of a child, Section 568.060, RSMo 1978. On May 25, 1982, the trial court sentenced the movant to thirty-two years imprisonment. This judgment was affirmed in *State v. Molasky*, 655 S.W.2d 663 (Mo.App.1983), *cert. denied*, 464 U.S. 1049, 104 S.Ct. 727, 79 L.Ed.2d 187 (1984).

On appeal, the movant raises nine points: (1) the movant's convictions on the five counts constituted double jeopardy; (2) the reviewing court improperly viewed Exhibit I–A because it was not properly identified or the same exhibit presented at trial; (3) the trial court expressed prejudice and bias toward the movant; (4) the movant was denied effective assistance of counsel; (5) the movant was unable to assist his defense due to his psychological state and treatment with drugs pending and during trial; (6) the movant was given cruel and unusual punishment; (7) the movant was denied assistance of counsel at a critical stage of the trial when the trial court responded to questions from the jury outside the presence of counsel; (8) the movant was denied due process of law when the fourth amended information was amended on the last day of trial; and (9) the movant was denied due process when the reviewing court did not allow him to call certain witnesses.

Our review is limited to a determination whether the reviewing court's findings, conclusions, and judgment were clearly erroneous. Rule 27.26(j). Credibility of the witnesses is deferred to the trial court and its findings, conclusions, and judgment will not be held clearly erroneous unless we are firmly convinced that a mistake was made. *King v. State*, 639 S.W.2d 396, 397 (Mo. App.1982).

In his first point, the movant asserts that the reviewing court erred in denying his motion for post-conviction relief because his convictions on the five counts as charged constituted double jeopardy. We disagree. The movant did not raise the claim of double jeopardy at trial, in his motion for a new trial, or on direct appeal. He may raise double jeopardy for the first time in a Rule 27.26 motion only where the evidence shows that the movant unintentionally failed to raise the claim earlier. *Williams v. State*, 646 S.W.2d 848, 849 (Mo.App.1982).

In the present case, the issue of double jeopardy was deliberately bypassed. From his testimony at the Rule 27.26 hearing, it is evident that the movant's trial counsel first considered and then abandoned the issue of double jeopardy. At the hearing, the movant's counsel stated that he must have discussed the defense of double jeop-

ardy with the movant. He further testified that he doubted whether there was a double jeopardy problem because, as he understood the indictment, "it was based on different acts that occurred separated by point in time." As such, the movant's counsel believed that "each count was in fact supported by some evidence."

In his second point, the movant contends he was erroneously denied post-conviction relief because the reviewing court improperly viewed State's Exhibit I–A when the exhibit was not the same one presented at trial and never properly qualified or identified. We disagree.

At the time of the movant's Rule 27.26 hearing, the state could not locate Exhibit # 1. Exhibit # 1 was a videotape made by the movant and depicted his fiancee and his three year old son from a prior marriage engaging in sexual relations. During trial, the movant admitted the authenticity of Exhibit # 1. *Molasky*, 655 S.W.2d at 667. His expert medical witnesses relied upon the tape when they testified at trial. *Id.* His trial counsel also admitted to the jury that the defense did not deny the videotape or the acts it recorded. *Id.* In addition, Exhibit # 1 was verified by a videotape expert who said it was an original tape produced on a common home videocassette recorder and that it had not been edited in any way. *Id.* at 668.

■ At the movant's evidentiary hearing, the reviewing court did not err in admitting State's Exhibit I–A, a copy of Exhibit # 1, into evidence over the movant's objection. Where an original has been lost or destroyed, proof in secondary form is generally admissible where shown to be trustworthy. *Scrivner v. American Car & Foundry Co.*, 330 Mo. 408, 50 S.W.2d 1001 (banc 1932). The correctness of a copy may be proved by the testimony of a person who has compared the copy with the original and found it to be correct. *Id.* 50 S.W.2d at 1009. In *Allen v. State*, 146 Ga.App. 815, 247 S.E.2d 540, 541–542 (1978), the Georgia Court of Appeals held that a proper foundation was laid for the admission of a videotape where the police officer who made the recording testified that he had viewed the copy shown to the jury and that it completely and accurately duplicated the original.

In the present case, a sufficient foundation for the introduction of Exhibit I–A was provided. Richard Koenig, an investigator with the St. Louis County Prosecuting Attorney's Office, testified that he had seen both Exhibit # 1 and Exhibit I–A. He stated that the copy was an "exact duplicate" of the excerpt of Exhibit # 1 which was played at the movant's trial. Thomas Cotter, an associate of the movant's trial counsel, also screened both Exhibit # 1 and Exhibit I–A and testified that the copy was in fact a "duplicate" of the original. Furthermore, Richard Barry, the prosecuting attorney who tried the movant, also viewed both Exhibit I–A and Exhibit # 1 and considered them to be substantially the same.

In his third point, the movant argues he was denied due process of law because Judge Ruddy, the judge presiding at his trial, expressed prejudice and bias. He contends Judge Ruddy should have disqualified himself sua sponte because the judge previously ruled adversely against the movant and earlier recused himself from one of the movant's divorce proceedings. He further argues that remarks made by Judge Ruddy following the movant's sentencing which expressed the judge's belief that the movant was a liar further demonstrated the judge's bias and prejudice. We disagree.

■ Where a judge's freedom from bias or prejudice becomes an issue, our inquiry is not whether the judge was actually prejudiced but whether an onlooker might on the basis of objective facts reasonably question whether the judge was so. *State v. Lovelady*, 691 S.W.2d 364, 365 (Mo.App. 1985). However, once a defendant has been afforded one change of judge under Rule 32.09, the successor judge is under a duty to remain as judge in the cause and this duty is equally as strong as his duty to recuse himself under circumstances requiring it. *State v. Hindman*, 543 S.W.2d 278, 283 (Mo.App.1976).

■ This point does not concern the disqualification of Judge Ruddy by motion because the movant already disqualified one judge and was not entitled to disqualify another one as a matter of right. Rule 32.09. During his trial no attempt was made to disqualify Judge Ruddy. Before trial, the movant's trial attorney went to the judge and told him that his client had some concern whether he could have a fair hearing before him. Following his discussion with Judge Ruddy, the movant's attorney was "absolutely convinced" that the movant would receive a fair trial. The attorney discussed this with the movant and his parents and they agreed to try the case before the judge.

■ Further, the movant's argument that Judge Ruddy was biased and prejudiced against him because of prior adverse rulings and an earlier recusal is without merit. Our review of the record reveals no support for the movant's allegations of bias. Mere adverse rulings and previous contacts in other litigated matters do not form the basis for such a claim. *State v. Tyler*, 622 S.W.2d 379, 385 (Mo.App.1981).

■ Nor did Judge Ruddy's remarks to a newsreporter demonstrate bias and prejudice. The judge was under as strong a duty to preside over the case as he was to recuse himself because the movant had already been granted one change of judge. *Hindman*, 543 S.W.2d at 283. His comments were made after the movant's sentencing and referred to events unrelated to the crimes sub judice. In June 1982 in response to a reporter's questioning, Judge Ruddy answered that he had recused himself from the movant's divorce case several years earlier because he thought the movant was a liar. Although the judge's comments indicated that he had formed an opinion on the movant's credibility at the time of the movant's divorce proceeding, no evidence was presented that this was a fixed opinion or one held by the judge during the movant's trial. *Cf. Lovelady*, 691 S.W.2d at 367. As already shown, this was a case where Judge Ruddy assured the movant's counsel that the movant would

receive a fair hearing. It was also a jury tried case where the movant did not testify and the judge's opinion of the movant's veracity would have been of no consequence.

In his fourth point, the movant contends that he was denied effective assistance of counsel. We disagree. Our review of effective assistance of counsel is guided by whether the movant's attorney acted with that degree of care and skill of a reasonably competent lawyer rendering similar services under like circumstances. *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979). For a successful claim, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). We have reviewed each of the six allegedly errant actions of the movant's trial counsel and find no error. An extended discussion of this point would serve no precedential value. Rule 84.16(b).

In his fifth point, the movant asserts he was denied effective assistance of counsel and due process of law at his trial because of his psychological state and treatment with drugs pending and during trial. We disagree. A person is not competent to stand trial if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975); *Gentile v. State*, 637 S.W.2d 30, 33 (Mo.App.1982).

■ In the present case, the evidence supports the finding of the reviewing court that the movant was competent to stand trial. Although he received a daily dosage of antidepressant drugs prior to and during trial and testified that he felt "foggy" during his trial, the psychiatric evaluations prepared by his own medical experts refuted any claim of incompetency. The record reveals the movant understood what was going on at the trial and the nature of the

charges against him. His trial counsel also testified at the evidentiary hearing that the movant was competent to assist in his defense.

In his sixth point, the movant argues that he was given cruel and unusual punishment because the sentence imposed by the trial court was without justification and much more severe than the sentence given to Karen Molasky, the woman who performed the acts recorded on the videotape. We disagree. Where the sentence of imprisonment is within the range prescribed by statute, we cannot judge the punishment as excessive. *State v. Jackson*, 676 S.W.2d 304, 305 (Mo.App.1984). Moreover, where a defendant is convicted of separate offenses and the sentences imposed are within statutory limits, the consecutive effect of the sentences does not rise to the level of cruel and unusual punishment. *State v. Repp*, 603 S.W.2d 569, 571 (Mo. banc 1980).

In the present case, the trial court sentenced the movant to 12 years for rape, 10 years for each sodomy count, and 5 years for abuse of a child. The trial court ordered two of the sodomy counts to run consecutive to the punishment for rape. The court also ordered the remaining sodomy count and the abuse of a child count to run concurrently with the other sentences. In sum, the movant was sentenced to a total of thirty-two years imprisonment.

As a class B felony, the movant's conviction for rape carried a maximum punishment of fifteen years. Section 558.011.-1(2), RSMo 1978. Each conviction for sodomy, another class B felony, also carried a maximum penalty of fifteen years. His conviction for abuse of a child, a class D felony, carried a maximum punishment of five years. Section 558.011.1(4), RSMo 1978. Therefore, under the above statutory guidelines, the movant could have been sentenced to a total of sixty-five years imprisonment. Because his sentence was well within the statutory range, the movant's punishment was not cruel and unusual. The fact that Karen Molasky, who was charged with the same crimes as the movant, received a sentence of twelve years after a plea of guilty was irrelevant. *State v. McCaine*, 460 S.W.2d 618, 621, (Mo.1970). Less severe sentences given to accomplices of an accused for the same offenses do not abridge any constitutional right. *State v. Shives*, 601 S.W.2d 22, 30 (Mo.App.1980).

In his seventh point, the movant posits that he was denied assistance of counsel at a critical stage of his trial when the trial court responded to questions from the jury outside the presence of counsel. We disagree.

During the jury's deliberations at the movant's trial, the jury sought answers for two questions from the trial court. Without consulting either the movant's attorney or the prosecutor, the court responded to the questions and made the following record:

## NOTES SENT FROM JURY

THEREAFTER, at the approximate hour of 6:30 p.m., the following record is made in Division No. 14, St. Louis County Circuit Court, out of the presence and hearing of the jury:

THE COURT: Let the record show that the jury has asked two questions:

One: "How much of the sentence must the defendant serve before he's eligible for parole?"

Now, neither attorney is here and it would take a period of time to get them here, so I am simply going to answer: "I cannot answer."

The second question is:

"Must all jurors agree to the exact amount of time to be served?"

I am answering that question by simply saying: "Yes."

Communications between judge and jury in the absence of and without notice to a defendant and his counsel are improper. *United States v. Hood*, 593 F.2d 293, 298 (8th Cir.1979). Although these communications are presumptively prejudicial, they may be shown to constitute

harmless error in the circumstances of a particular case. *Id.*

In the present case, we find no prejudice arising from the trial court's responses to the jury's queries. Since the trial court expressed no answer to the jury's first question concerning the possibility of parole, there was no way the movant could have been prejudiced. In the second question, the jury asked whether all twelve jurors must agree on the assessment of punishment. The trial court's answer of "yes" could not have resulted in any prejudice to the movant. The court's answer was a clear and correct statement of the law and did no more than reiterate MAI–CR2d 2.80, an instruction which must be read to the jury in every criminal case.

In opposition, the movant contends that had his trial counsel been present when the trial court received the questions from the jury, his counsel could have requested that the court give an instruction pursuant to Section 557.036(2), RSMo 1978. Section 557.036(2) provides that the court may instruct the jury that if it cannot agree on punishment, it may return its verdict without assessing punishment and that the court will then assess punishment. Such an instruction would have been unnecessary in the present case. In its query to the trial court, the jury did not indicate that it was unable to reach an agreement on punishment. The jury merely asked whether all twelve jurors must agree to the exact amount of time to be served.

In his penultimate point, the movant argues that he was denied due process of law when the fourth amended information was amended on the last day of trial. The amendments resulted in the following changes: (1) the statute number in counts II, III, and IV was changed from Section 566.070[1] to Section 566.060 and (2) the term "forcible" was deleted from Count I for rape and the word "of" inserted in its place. The movant contends these amendments changed the charges against him and prejudiced his defense. We disagree.

Changing the statute numbers in Counts II, III, and IV was not prejudicial to the movant. An erroneous statutory citation is subject to amendment if the original information contains the essential elements of the offense. *State v. Harris*, 670 S.W.2d 73, 82 (Mo.App.1984). In the case sub judice, the amended statute numbers merely made the statutory citation consistent with the offenses charged in Counts II, III, and IV of the fourth amended information. As such, there was no way the movant could have been misled, confused, or surprised by the amendments. The unamended counts expressly charged the movant with sodomy and tracked the elements for sodomy in Section 566.060(2), RSMo 1978, in every respect.

Nor was the deletion of the term "forcible" in Count I prejudicial to the movant. The term was originally used only in the designation of the charge and not as part of the underlying allegations which described sexual intercourse with a child under the age of fourteen. Sexual intercourse so described is rape whether or not force is used. Section 566.030(2), RSMo 1978. Therefore, the excision of the term "forcible" merely made the charge's designation consistent with the elements alleged. Thus, the amended charge did not in any way hinder the movant in his defense nor require him to defend an additional issue which he had not anticipated.

In his last point, the movant alleges that the reviewing court denied him a full and complete evidentiary hearing on his Rule 27.26 motion when the court did not allow the movant to call certain witnesses. The movant asserts error in the reviewing court's order quashing the subpoenas on Wendy Wuertendaecher, Cindy Bouchanpin, Richard Evans, and Donald Chaope and the lack of service on Robert Levy, Mark Cusumano, Dr. Richard Harrison, and David Wells. He also claims error in the trial court's order sustaining the state's motion in limine excluding the testimony of Karen Molasky and Hal Coleman. We disagree.

The reviewing court did not err in quashing the subpoenas on witnesses Wuertendaecher, Bouchanpin, Evans, and

---

1. Section 566.070, RSMo 1978, is the statutory citation for deviate sexual assault.

Chaope. The appendix to Rule 27.26 requires the movant to set forth the names and addresses of witnesses expected to be called at the evidentiary hearing together with the facts to be adduced from each witness which support the movant's allegations. In the present case, the movant neither complied with this requirement nor informed the court of the substance of these witnesses' testimony and cannot now complain of deprivation of due process.

Moreover, the movant's lack of service on Levy, Cusumano, Harrison, and Wells, was not a proper ground for reversal. Officers need only expend a good faith effort to secure service of process and the state cannot be required to be successful in every instance. *Achter v. State*, 545 S.W.2d 86, 88 (Mo.App.1976). The movant has not alleged any bad faith.

Nor did the reviewing court err in sustaining the state's motion in limine excluding the testimony of Karen Molasky. The movant requested that she be allowed to testify as to the genuineness of Exhibit # 1, that she was a paid FBI informant, and that she received a twelve year prison sentence for her participation in the rape and sodomy of the movant's son.

None of her proposed testimony would have been competent. First, the authenticity of Exhibit # 1 was decided on direct appeal and was not subject to further review in a motion for post conviction relief. *Choate v. State*, 659 S.W.2d 354, 355 (Mo.App.1983); *Molasky*, 655 S.W.2d at 667–668. Second, any testimony by Karen Molasky that she was a paid FBI informant would have been irrelevant to the movant's allegations in a Rule 27.26 motion. Absent some relevancy, the reviewing court could not be convicted of error in excluding her testimony because it was vested with broad discretion in ruling on issues of relevancy and materiality. *State v. Fincher*, 655 S.W.2d 54, 61 (Mo.App.1983). Third, any testimony by Karen Molasky as to the length of her prison sentence would have been cumulative because evidence of her sentence was already before the reviewing court and its exclusion as cumulative evidence was also well within the court's discretion. *State v. Rhoden*, 654 S.W.2d 352, 355 (Mo.App.1983).

The reviewing court also did not err in sustaining the state's motion in limine to exclude the testimony of Hal Coleman. The movant requested that Mr. Coleman be permitted to testify about alleged statements made to him by the prosecuting attorney's office encouraging him to file a lis pendens suit against some of the movant's property in order to give the appearance that the movant's property was encumbered so that it could not be used in the movant's effort to make bond. Like Karen Molasky's proposed testimony, Mr. Coleman's testimony would have been irrelevant in a Rule 27.26 motion which is directed only to defects which led to the original sentencing. *Lindner v. State*, 676 S.W.2d 299, 301 (Mo.App.1984). Since his proposed testimony was unrelated to the fairness of the movant's trial and sentence, Mr. Coleman's testimony was properly excluded.

Judgment affirmed.

REINHARD, P.J., and KELLY, J., concur.