STATE of Missouri, Respondent,

v.

**Eric BOSTIC, Appellant.**

**No. WD 41969.**

Missouri Court of Appeals,
Western District.

April 10, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1990.

---

Jeffrey L. Alena, Kansas City, for appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

GAITAN, Judge.

Defendant, Eric Bostic, was convicted by a jury of first degree robbery and armed criminal action, in violation of Mo.Rev.Stat. §§ 569.020 and 571.015 (1986), and sentenced to concurrent terms of ten years for robbery and ten years for armed criminal action. The defendant appeals his conviction, contending that the trial court erred in: (1) advising the jury, in response to their written query, that their recommendation for punishment must be unanimous; (2) failing to strike the venire panel because it did not afford the defendant a fair, representative cross-section of the community; (3) allowing the prosecution to make improper comments during closing argument; and (4) allowing the prosecution to argue an adverse inference from defendant's failure to produce an alibi witness. Judgment affirmed.

The following facts were adduced by the state at trial. Katherine Marple, a clerk at the 7–Eleven store on 71 Highway and 147th Street in Grandview, Missouri, testified that shortly before midnight on the evening of March 24, 1988, two men entered the store. One of the men, later identified as the defendant, pointed a gun at Marple and told her to hand over the cash or he would shoot her. Marple gave the defendant all the cash she had in the register, ten dollars, as well as fifteen dollars from the time-locked safe. After being told by Marple that no further cash could be retrieved from the safe, the defendant and the other assailant, who was wearing a ski mask, fled from the store.

Police responded to the scene of the robbery. Marple gave them a description of the robbers, including the fact that the gunman was wearing a faded blue T-shirt with palm trees decorating the front and writing on the side. Because the police suspected that the robbers might be guests staying at the Heritage Inn on 152nd and 71 Highway, they contacted several persons at the motel and requested help in locating the two assailants.

The morning following the robbery, Marple went to the Grandview Police Department where she once again gave a description of the gunman, in order that a composite could be made. Copies of the composite were distributed to patrol officers as well as other police departments. Later the same morning, police detained the defendant and another man, while they were packing an automobile, in the parking lot of the Heritage Inn. Police believed that the defendant matched the composite. After being fully informed of his *Miranda* rights, the defendant acknowledged, in response to police questioning, that he owned a gun, which was in a bag in the trunk of the car. The defendant gave permission for the police officers to look at the gun, which was fully loaded with .22 caliber, long rifle bullets. Police also found a blue T-shirt, which matched Marple's description, laying in plain view on the floor of the vehicle. The other man, the driver of the vehicle, denied that he owned the T-shirt. Marple, summoned to Heritage Inn by the police, positively identified the defendant as the gunman who held up the 7–Eleven.

Defendant Bostic testified in his own defense, asserting that on the evening of the

robbery, he played arcade games in the motel gameroom from 10 p.m. until approximately 1 a.m. The defendant denied any participation in the robbery of the 7–Eleven.

### I.

In his first point on appeal, the defendant contends that the trial court erred in advising the jury, in response to its written query, that the jury's recommendation for punishment must be unanimous.

During the jury's deliberation, it submitted two questions for the Court's consideration. The record reflects the following:

THE COURT: All right. The Court has just received the following communication from the jury. Two questions. In recommending number of years for a sentence (Instruction 5), does the jury have to vote unanimously?

Second question, are the sentences, Instructions 5 and 6, consecutive or concurrently?

Well, on the first one—let's go off the record.

(Whereupon, a discussion was had off the record, after which the following further proceedings were had and entered of record:)

THE COURT: Okay. I'll mark the questions from the jury as Court's Exhibit B, and it will be retained with the file. The answer is as follows: In response to your first question, the Court advises you that any recommendation of yours must be unanimous.

This seems to me as the only logical and sensible answer, because after looking at Instruction No. 10 it says, "Your verdict, whether guilty or not guilty, must be agreed to by each juror. Although the verdict must be unanimous, the verdict should be signed by your foreman alone."

Obviously, this jury is in somewhat of a disagreement—apparently, they have reached some type of verdict as to guilty or innocent but don't know if this is carried on to number of years also, so hopefully this will clarify it for them, and its seems to me inappropriate to answer them with the shotgun answer we usually do, they must be guided by the instructions as given by the Court. I can see where they might have some difficulty with this particular instruction in the second part.

■ Defendant alleged, both at trial and on motion for new trial, that the correct response to the jury's query should have been, "the jury must be guided by the instructions." The defendant further argues on appeal that if the trial court chose to respond in any manner to the jury's question, it should have done so by submitting MAI–CR3d 312.02, Verdict Possibilities: Inability of Jury to Agree Upon Punishment. We note that defendant's argument regarding MAI–CR3d 312.02 was neither presented to the trial court in the form of an objection at trial or in his motion for new trial. "A litigant is not permitted to broaden the objection which he presented to the trial court; he may not rely on a theory which is different than the one offered at trial." *State v. Clark*, 759 S.W.2d 372, 374 (Mo.App.1988); *State v. Quick*, 639 S.W.2d 880, 883 (Mo.App.1982). However, in the exercise of our discretion, we shall review this additional assignment of error *ex gratia* pursuant to the plain error doctrine. Rule 30.20.

■ To support its contention that the court gave the proper response in its clarification of Instruction number 10, MAI–CR3d 302.05, Unanimous Verdict, the state cites to *Molasky v. State*, 710 S.W.2d 875, 880–81 (Mo.App.1986). In *Molasky*, the jury asked whether all twelve jurors must agree on the assessment of punishment. The trial court answered the question by simply stating, "Yes." Our sister court in the eastern district held that "[t]he Court's answer was a clear and correct statement of the law and did no more than reiterate MAI–CR3d 2.80 [revised MAI–CR3d 302.-05], an instruction which must be read to the jury in every criminal case."

We find, that *Molasky* is directly analogous to the case before us. Noting that the jury might have difficulty in understanding Instruction number ten, the trial court sought to advise the jury regarding unanimity. The trial court in this case did no more than what the trial court did in *Molasky*. Therefore, we fail to find that the trial court's response was in error, that it was coercive, or that it was prejudicial to the defendant.

Further, we disagree with the defendant's contention that the trial court should have responded to the jury's question by submission of MAI–CR3d 312.02. It is within the discretion of the trial court to give this instruction. *State v. Wells*, 639 S.W.2d 563, 567 (Mo. banc 1982). Both Mo.Rev.Stat. § 557.036.2(2) (1986) and the Notes on Use, 3, require that the instruction only be given after due deliberations by the jury and a determination by the court that the jury cannot agree on punishment. *E.g., State v. Wells*, 639 S.W.2d at 567. The Notes on Use, 4, additionally indicates that "when the length of deliberation or communication from the jury causes the Court to believe that the jury may be deadlocked, the Court may then initiate inquiries to the jury."

While defendant argues that the jury was unable to agree on its recommendation of punishment, he concedes that, "[n]othing indicates any reason to believe the jury was deadlocked." In its query to the court, the jury did not indicate that it could not reach a decision regarding punishment. It merely asked if the recommendations on punishment need be unanimous. This query in and of itself did not mandate an instruction on inability to agree upon punishment. *See Molasky v. State*, 710 S.W.2d at 881. We further note that the trial court made no finding that the jury could not agree on punishment; it only noted that it appeared that the jury was "in somewhat of a disagreement." Therefore, without such a finding the trial court correctly did not give MAI–CR3d 312.02, and no manifest injustice or miscarriage of justice resulted therefrom.

## II.

Defendant next contends that the trial court erred in failing to strike the venire panel because it did not afford the defendant a fair, representative cross-section of the community. The defendant claims in his appellate brief that only two black persons were members of the thirty-five person venire panel. However, neither the transcript nor the legal file submitted in this case contains any reference to the jury list, and do not reflect that constitutional objections to the composite of the venire were properly raised or preserved for appellate review. As the record contains no facts to support the defendant's allegation, the point must be denied. *State v. Wolford*, 754 S.W.2d 875, 880–81 (Mo. App.1988); *State v. Hatten*, 561 S.W.2d 706, 713 (Mo.App.1978).

## III.

In his third point on appeal defendant alleges that the trial court erred in permitting the prosecution, during closing argument and rebuttal, to refer to the defendant as a "robber" on three separate occasions. Defense counsel failed to make any objection at trial and failed to preserve the point in his motion for new trial. We therefore review under the plain error rule.

An alleged error committed in closing argument does not justify relief under the plain error rule unless it is determined to have a decisive effect on the jury. *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988), *cert denied*, —— U.S. ——, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). Further, a prosecutor has a right to draw any inference from the evidence that he believes in good faith to be justified. *State v. Ward*, 745 S.W.2d 666, 672 (Mo. banc 1988). The clerk at the convenience store, Marple, positively identified the defendant as the robber; the T-shirt described by Marple as worn by the gunman was found in the

 

vehicle the defendant was packing at the Heritage Inn; and defendant owned a weapon of a type described by Marple. The prosecution could reasonably have drawn an inference that the defendant was a robber from the evidence. Courts have held that name calling, while ill-advised, is not prejudicial when there is evidence to support the characterization. *State v. Clemmons,* 753 S.W.2d 901, 908 (Mo. banc 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). We find that the prosecutor's comments were within the bounds of closing argument and had no decisive effect on the jury.

We note that defendant does not allege that the prosecution acted deliberately or in bad faith. However, even if the prosecutor's comments could be found to be impermissible, we fail to find that they rise to the level of manifest injustice. The point is denied.

### IV.

In his final point, defendant contends that the trial court erred in overruling his objection to the prosecution's argument of an adverse inference regarding defendant's failure to produce an alibi witness. The defendant alleges that such an argument was an attempt to mislead the jury regarding the state's burden of proof. We find the argument without merit.

■ The state may argue an adverse inference from a defendant's failure to offer evidence which could be reasonably expected to be in defendant's favor. *State v. Sidebottom,* 753 S.W.2d at 920; *State v. Henton,* 753 S.W.2d 19, 20 (Mo.App.1988). A reference to the defendant's failure to put on evidence in support of his alibi defense is not error. *State v. Clark,* 759 S.W.2d at 375. When an adverse inference is argued by the state, the burden does not shift to the accused. *State v. Henton,* 753 S.W.2d at 20; *State v. Ferguson,* 651 S.W.2d 521, 523 (Mo.App.1983).

■ Our review of the record indicates that the prosecutor was clearly challenging

the defendant's credibility. The defendant testified in his own behalf regarding his whereabouts on the night of the robbery. During cross-examination, the following exchange took place between the prosecutor and defendant.

Q. Did you have to get more quarters?

A. Yes, sir.

Q. Where did you go?

A. To the front desk.

Q. So you're telling us that there would have been somebody at the front desk who would verify that you were there between 10 o'clock and 1 o'clock?

A. Yes.

The testimony of defendant invited the prosecutor's argument. Therefore, the adverse inference was not improper. The judgment of the trial court is affirmed.

All concur.