Harold Edward **MASSEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41498.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 18, 1980.

J. L. Anding, Pacific, for appellant.

Daniel M. Buescher, Pros. Atty. of Franklin County, Union, John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

By his Rule 27.26 motion movant–defendant challenged that part of the Franklin County circuit court's judgment declaring its four–year sentence was to begin upon termination of a one–year sentence defendant was then serving under a judgment in Crawford County.

The motion was denied and defendant has appealed. We affirm.

Defendant relies on the clerk's minute entry in Franklin County. It was silent as to when the four–year imprisonment was to begin. In contrast, the state relies on the judgment pronounced by the trial court which recited defendant's guilty plea and sentenced him to four years in prison, to serve that sentence "immediately upon release from custody of the sentence in Crawford County".

In sum, defendant now relies on the court clerk's minute entry and the state relies on the judgment pronounced by the court. The latter prevails.

The distinction was made in *Rehm v. Fishman*, 395 S.W.2d 251 [1–3, 10] (Mo.App. 1965), where we cited numerous cases and held: "A judgment is the judicial act of the Court and its entry upon the record is the ministerial act of the Clerk. . . . A judgment derives its force from the judicial act of the court in its rendition and not from the ministerial act of the clerk in entering it upon the record." In *Allen v. Gibbons*, 425 S.W.2d 243 [1] (Mo.App.1968), we cited *Rehm* and held: "We distinguish between the force of the judicial act of the court in *rendering* judgment and the *ministerial* act of entering it upon the record. The rendition controls."

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.