STATE of Missouri, Respondent,

v.

Danny HUNTER, Appellant.

No. WD 31547.

Missouri Court of Appeals,
Western District.

Aug. 18, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 15, 1981.

Applications to Transfer Denied
Nov. 10, 1981.

Peter N. Sterling, Acting Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This direct appeal follows a jury conviction for robbery first degree, armed criminal action and assault with malice. The judgment is affirmed in part and reversed in part.

Appellant alleges that the trial court erred (a) in sentencing him for both robbery first degree and armed criminal action because he was placed in double jeopardy; (b) in imposing a greater sentence than that imposed by the jury for the robbery conviction; and (c) in admitting impermissible hearsay, violating his constitutional right of confrontation and cross-examination.

The sufficiency of the evidence is not challenged. Appellant, with two accomplices, entered the A & P Store at 75th and Wornall in Kansas City at approximately 5:30 p. m. on November 24, 1978. Appellant gained entrance to the store manager's booth and ordered the manager, at gun point, to open the two safes in the booth area. While the manager was complying with appellant's demands, appellant struck the manager twice with the butt of the revolver. Although appellant was wearing a light silk stocking mask, he was as close as 12 inches from the manager's face and the manager was later able to make an unequivocal identification of appellant at a police line-up and at trial.

While the robbery was in progress, an employee reporting for work drove in front of the store. This employee soon realized that the robbery was in progress, drove to a nearby bank and advised an off-duty police officer. The officer proceeded to the front of the grocery store, and moments later, the robbery trio departed the store. The police officer observed appellant remove his mask and ordered the trio to halt. At this instant, appellant fired a shot at the officer, and the officer returned the fire. The trio escaped. At the police line-up and at trial, the officer made an unequivocal identification of appellant.

As the investigation of the robbery progressed, employees of the store identified from police photos one Eric Lawton as one of the robbers. Lawton was arrested and gave police a written confession. Appellant's arrest followed. In addition to being positively identified in the police line-up, appellant gave police two confessions. The first confession was oral, and appellant admitted to planning the robbery with his accomplices. The second confession was in writing and was made to correct what appellant contended were errors in Lawton's confession. In his written confession, appellant stated that he had been paid $300 to provide the getaway vehicle at a location other than the crime scene. Initially, appellant denied any involvement in the robbery and gave police three different accounts of his whereabouts, but when confronted with Lawton's confession (which appellant spent 10-15 minutes reading), appellant made his oral and written confessions.

Appellant offered no direct evidence. The jury returned its verdict and assessed punishment. This appeal followed the denial of appellant's motion for new trial or in the alternative, for a reduction of sentence.

■ Appellant's point (a) is sustained. This court is bound by the ruling of our state Supreme Court in *State v. Haggard*, 619 S.W.2d 44 (Mo.1981) which reaffirmed Sours I (*Sours v. State*, 593 S.W.2d 208 [Mo. banc 980]) and Sours II (*Sours v. State*, 603 S.W.2d 592 [Mo. banc 1980]). Under those decisions, appellant's conviction for armed criminal action is vacated and the sentence for that conviction is set aside.

Under point (b), appellant contends that the trial court imposed a sentence for the robbery conviction in excess of the sentence assessed by the jury. Appellant is correct that such action is prohibited. *State v. Hardy*, 339 Mo. 897, 98 S.W.2d 593 (1936); § 557.036.3, RSMo 1978. However in the instant case, appellant's argument fails because it is premised upon an erroneous entry in the *legal file*. When the record of sentencing was transcribed from the *actual record* to the *legal file*, the sentence of ten years for robbery *assessed by the jury and imposed by the trial court* was entered as 15 years. The sentence reflected in the *legal file* was the result of a clerical error. The *true judgment* is represented by "the judicial act of the court" in the rendition of its judgment and is not represented by the act of the court clerk in transcribing the judgment. *Massey v. State*, 608 S.W.2d 152 (Mo.App.1980); *Allen v. Gibbons*, 425 S.W.2d 243 (Mo.App.1968); and *Rehm v. Fishman*, 395 S.W.2d 251 (Mo.App.1965).

The record shows that the trial court entered the sentence of ten years upon the conviction for robbery first degree in full accord with the assessment by the jury. Appellant's point (b) is without merit and is ruled against him.

In his final point (c), appellant argues that the trial court erred in permitting a witness to testify that appellant was arrested the day after a confession was secured from one of appellant's accomplices. Appellant contends that this testimony was hearsay and that its admission violated his constitutional rights to confrontation and cross-examination.

The last witness called by respondent was a detective assigned to investigate the robbery. Eric Lawton, who had been arrested and identified as one of the robbers and who was in custody, gave police a written confession. Appellant was arrested the next day. In the initial interview with police, appellant gave two or three different accounts of his whereabouts the night of the crime. Appellant was then shown Lawton's confession and read and studied the confession for 10-15 minutes. Appellant then made an oral confession in which he admitted to planning the robbery with his accomplices, and followed this with a written confession which admitted his involvement in providing, upon receipt of $300, the getaway vehicle at a location other than the scene of the crime.

The officer witness testified to procedures and events occurring during his investigation. Appellant's complaint centers around the following portion of the officer's testimony:

"Q. (By Ms. Petren, assistant prosecuting attorney) Eric Lawton was arrested on February 26th, 1978, is that correct?

A. Yes.

Q. Did you have occasion to take a statement from Eric Lawton?

A. Yes, I did.

Q. After you took that statement did you have occasion to arrest Danny Hunter?

MR. PREMAN (attorney for appellant): Approach the bench, please. (The following proceedings were had at the bench.)

MR. PREMAN: Judge, I think this is exactly what we were talking about.

THE COURT: No, it isn't. You talked about statements made by Eric Lawton and he's not testified to any statements made by Eric Lawton. He only said what he did after he took the statement.

MR. PREMAN: Well, Judge, I think for the record, I think that does violate the protective order that you ordered and I would object to it and ask for a mistrial.

THE COURT: No, it doesn't violate the protective order. The motion for mistrial is overruled.

(The proceedings returned to open court.)

Q. (By Ms. Petren) Let me rephrase my question or ask the same question. You stated you had an occasion to take a statement from Eric Lawton; after that statement was taken you had occasion to arrest Danny Hunter?

MR. PREMAN: I object, Your Honor, it is repetitive. It was just asked and answered.

MS. PETREN: I don't believe he answered the question.

THE COURT: There was an objection before he answered. You are merely restating the question so he can answer it the second time. The objection is overruled.

Q. (By Ms. Petren) What date did you have occasion to arrest Danny Hunter?

A. I issued a pickup for him the evening that I got the statement from Eric Lawton on the 27th of February, 1979 and he was brought into the robbery unit under arrest on the morning of the 28th of February, 1979 by district officers."

■ Appellant presents a two-fold argument. He first claims a violation of his Sixth Amendment right to confrontation. He also argues a violation of the hearsay rule. In appellant's contention, he equates the two. This is not correct. The United States Supreme Court, while recognizing the right to confrontation guaranteed by the Sixth Amendment to the United States Constitution as a fundamental right "made obligatory upon the States by the Fourteenth Amendment," *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1067, 13 L.Ed.2d 923, 926 (1968), has nevertheless ruled: "[M]erely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied." *California v. Green,* 399 U.S. 149, 156, 90 S.Ct. 1930, 1934, 26 L.Ed.2d 489, 495–496 (1970). In further consideration of this point, the United States Supreme Court has set forth factors additional to the hearsay violation which are determinative of the constitutional violation question. In a case involving a Georgia statute which allowed into evidence a co-conspirator's out-of-court statement made during the concealment phase of the conspiracy *and which included the admission of the extra-judicial statement,* the court stated: "It seems apparent that the Sixth Amendment Confrontation Clause and the evidentiary hearsay rule stem from the same roots. But this court

has never equated the two and we decline to do so now." *Dutton v. Evans,* 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213, 225 (1970). In addition to the foregoing, the *Dutton* court outlined four points which it considered applicable in resolving the constitutional issue. The court stated that (a) the extra judicial statement contained no express assertion about a past fact; (b) the identity of the participants in the commission of the crime was known to the declarant and this was made clear from other evidence; (c) the possibility that the statement was founded on faulty recollection is remote in the extreme; and (d) the circumstances under which the declarant made the statement were such as to give reason to suppose the declarant did not misrepresent the accused's involvement in the crime. The foregoing were applied in *Dutton* as indicia of reliability. The court went on to say at 400 U.S. 89, 91 S.Ct. 220, 27 L.Ed.2d 227: "The decisions of this Court make it clear that the mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.'"

In *Dutton,* the actual extra-judicial statement was admitted. In the instant case that is lacking. It appears, nonetheless, that the above indicia would still be applicable in resolving the alleged constitutional violation. Appellant contends the officer's testimony that he arrested appellant was an assertion of the past fact that appellant had committed the robbery. In *Dutton,* at 400 U.S. 77, 91 S.Ct. 214, 27 L.Ed.2d 220, the court concluded that the extra judicial statement "If it hadn't been for that dirty son-of-a-bitch Alex Evans, we wouldn't be in this now," was insufficiently assertive concerning a past fact and required instead the operation of jury inference. In the instant case, no extra-judicial statement was offered or admitted, and it cannot be concluded, although insisted upon by appellant, that inferences which flow from the officer's testimony are sufficiently assertive of a past fact. Thus, under (a) above, appellant's confrontation allegation must fail.

Proceeding further (point [b]), this court finds there is ample evidence herein that the declarant (Lawton) knew the participants in the crime. This was established by appellant's oral and written confessions. Appellant's argument under (b) fails.

The evidence that Lawton, appellant and others planned the robbery, adduced by appellant's confession, shows a continued relationship between appellant and Lawton and negates the possibility that the declarant may have been mistaken when he placed appellant at the crime scene by inference. Thus, appellant's argument on confrontation under (c) fails. Finally, in (d) the circumstances surrounding the confession of Lawton in order to determine whether such statement was given to misrepresent the appellant's participation must be considered. In *Dutton*, the extra-judicial statement was uttered by declarant to a fellow inmate who was the testifying witness. In those circumstances, it might be said that the situation in which there was an absence of a motive to falsify would be greater than the instant case. However, remembering once again that there was no extra-judicial statement offered or introduced herein, the implication which appellant argues arose in this case occurred, if at all, during the early stages of Lawton's custody. At this stage of the proceedings, it might be said that a strong motive would have arisen on the part of the declarant. It could be reasonably concluded that there existed an incentive at this stage for the declarant to falsify by implicating appellant and excluding himself for the purpose of escaping criminal responsibility. There is nothing in the evidence which suggests that Lawton disclaimed participation in the crime and in addition, blamed appellant. The extra-judicial statement in *Dutton* is likened to the confession of Lawton in that both were obviously against the penal interest discussed and noted in *Dutton*. In the instant case we have an inference tested against (d) for purposes of determining misrepresentation. There is no evidence to support any conclusion of misrepresentation. Under (d), appellant's confrontation allegations must fail.

■ Concerning the remaining portion of appellant's argument, it must be agreed that the previous testimony of the police officer was inferential hearsay and was erroneously admitted. This has been ruled in *State v. Valentine*, 587 S.W.2d 859 (Mo. banc 1979) which followed *State v. Chernick*, 280 S.W.2d 56 (Mo.1955); *State v. Johnson*, 538 S.W.2d 73 (Mo.App.1976), and *State v. Edwards*, 435 S.W.2d 1 (Mo.1968). Our state Supreme Court in *Valentine* ruled at 861:

> "It is hornbook law that a witness may not testify to facts if those facts are based on hearsay. It is no less a violation of the hearsay rule to set up a set of circumstances by the testimony of a witness which invites the inference of hearsay."

Recognizing the full measure of the court's ruling in *Valentine*, this court nevertheless finds the instant case to be distinguishable from *Valentine*. In *Valentine*, the prosecution presented only one witness who identified appellant, but, as the court noted, "there were an estimated ten customers who could have witnessed what occurred." *Valentine* at 861. The court further pointed out that the officer at the scene apprehended one participant while the other escaped. However, this officer "did not identify appellant at the trial as having been the fleeing accomplice." *Valentine* at 862.

In addition, the *Valentine* court noted that appellant offered an alibi defense from two witnesses who placed him elsewhere before, during, and for at least one hour after the crime. In *Valentine*, it was apparent that the one person who could be expected to know whether the defendant was the other participant refused to testify by invoking the privilege against self-incrimination pursuant to the 5th Amendment. Following that refusal, the prosecution called the officer who had been at the scene and apprehended one of the participants. This officer testified that after apprehending one of the participants, and without identifying the defendant, he was

joined by other officers; and after their investigation, they put out an order for the arrest of the defendant. The prosecution then stressed that within as little as two hours, all the officers completed an investigation at the scene, issued the arrest order, found the defendant and transported the defendant to the police station. The court in *Valentine* concluded from the foregoing:

> "It is clear that the state has set up a set of circumstances that invites the inference of hearsay evidence, namely that Bateman told police appellant's name and described appellant's automobile."

Unlike in *Valentine*, the two witnesses in the instant case identified appellant as a participant and placed him at the scene of the crime. The store manager made a positive identification of appellant as the person who entered the store, confronted the manager with a gun, struck the manager twice with the gun, and fled the store with the proceeds of the robbery. An off-duty police officer immediately outside the store testified that he confronted appellant as appellant was fleeing and positively identified appellant as the one who fired a shot at him while fleeing. Further, appellant made two confessions, one oral and one written, in which he admitted his involvement in the crime. Also, unlike in *Valentine*, appellant offered no defense alibi or otherwise.

While there is no doubt that the police testimony was inferential hearsay under *Chernick, Johnson, Edwards*, and *Valentine*, this court concludes that the disposition of this cause, because of the facts and circumstances herein, is not controlled by those authorities, but falls instead, under the rule in *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), which declared:

> "Harmless error is not grounds for reversal. * * * We are also mindful that error which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong."

The uncontroverted testimony of two witnesses who positively identified appellant as a participant in the robbery at the scene, in addition to the two confessions by appellant, is strong independent evidence of guilt. The admission of the inferential hearsay by way of the officer's testimony was error, but this court finds that under the instant facts and circumstances, the error was harmless. This court concludes from the record that the admission of such evidence did not tip the scales against the defendant and that such error was clearly harmless. *Degraffenreid, supra.* Point (c) is found to be without merit and is ruled against appellant.

The portion of the judgment relating to appellant's conviction for armed criminal action is vacated and the sentence set aside. That portion of the judgment relating to appellant's conviction for robbery first degree and assault with malice is in all respects affirmed.

All concur.