**STATE of Missouri, Respondent,**

v.

**Leo W. STAPLETON, Appellant.**

**No. WD 33995.**

Missouri Court of Appeals,
Western District.

Oct. 18, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 29, 1983.

Application to Transfer Denied Jan. 17, 1984.

David M. Strauss, Public Defender, Larry Schumaker, Law Intern, Columbia, for appellant.

Joe Moseley, Pros. Atty., Kandice Johnson, Asst. Pros. Atty., Columbia, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

PRITCHARD, Judge.

Appellant was by the verdict of a jury found guilty of sodomy, § 566.060, RSMo 1978, and was sentenced by the court to 30 years imprisonment without probation or parole as a persistent sexual offender under § 558.018, RSMo [Laws 1980, p. 495, § 1].

The four points presented variously attack the sentence of appellant as a persistent sexual offender.

Appellant, on March 24, 1982, was charged with sodomy under § 566.060. The charge was amended on June 7, 1982, further to charge him as a prior offender under § 558.016.2 [one who has pleaded guilty or has been found guilty of one felony. The prior felony was alleged to have been manslaughter of which appellant was convicted on January 5, 1977.]. On the day of the instant trial, June 8, 1982, a second amended information was filed again charging appellant was a persistent offender with the sodomy, the prior manslaughter felony, and a prior felony of sodomy on May 28, 1975. Evidence was received prior to the trial on the sodomy charge of the two prior convictions, the court specifically found that appellant, being represented by counsel, had been convicted of the manslaughter and sodomy charges, and found him to be a persistent offender [§ 558.016.2 —one who has pleaded guilty or has been found guilty of two or more felonies committed at different times]. The jury convicted appellant of sodomy and the court scheduled sentencing for July 12, 1982.

On July 12, 1982, the parties appeared in person and by counsel, the motion for new trial was taken up and overruled, and the state requested that appellant be sentenced under § 558.018 as a persistent sexual offender—"one who has been previously convicted of * * * sodomy * * *." Under that section the term of imprisonment shall not be less than thirty years, which term shall be served without probation or parole. Appellant objected to being sentenced as a persistent sexual offender on the ground that it had not been pleaded, that he had no notice that it would be used, and that the case was tried on the basis that he was a persistent offender only. The court overruled the objection and sentenced appellant to thirty years imprisonment pursuant to the provisions of § 558.018, "which denies the right of parole until completion of the sentence." Appellant states in his brief that he "appeals solely from the impossibility of parole condition imposed by the trial court pursuant to the Persistent Sexual Offender Act," and he asks that the condition of no possibility of parole be vacated.

■ Point I is that the trial court had no authority to enhance the punishment under the persistent sexual offender act because § 557.036.2(2) (amended, Laws 1981, p. 636, § 1) permits punishment enhancement beyond the jury's recommendation only in relation to the persistent or dangerous offender act. The contention is answered by the recent case of State v. Burgin, 654 S.W.2d 627 (Mo.App.1983). There the same attack was made on the sentencing procedure under § 558.018, and it was held, at page 631, that there was nothing in § 557.036 to indicate that a term of imprisonment may not be extended by another statute in the same manner as set forth in § 557.036.4; that § 558.016 states that the court may extend the terms of prior, persistent or dangerous offenders, while § 558.018 requires that the court shall extend the sentence for persistent offenders; and that the two statutes, not being inconsistent, are in pari materia and are to be considered together. This disposes of Point I, which is overruled.

■ Point II contends that the prosecutor, in waiting until final disposition to raise the persistent sexual offender act, where the information specifically referred to the persistent offender act, violated the procedures of § 558.021. Appellant says that the mandates of this statute, that the prosecutor notify the defendant of his intention to seek enhanced punishment, and that the basis for imposition of an extended term "shall be pleaded, established and found prior to" the jury trial on the basic

offense under § 558.021.2, were not followed. Section 558.021.1(1) requires only that the information plead all essential facts warranting a finding that the defendant is a prior offender, persistent offender or dangerous offender. The second amended information here pleads that appellant was a persistent offender, he having been found guilty of two prior felonies at different times. This is sufficient to put him on notice that the prosecution would seek enhanced punishment. The evidence of the prior convictions, being documents thereof, came in without objection by appellant prior to the case being submitted to the jury. One of these convictions was for a prior sodomy—clearly a sexual offense, as defined, and the finding as to the commission of that offense was specifically made. It was only the application of the persistent sexual offender statute, § 558.018, which was made after the jury's verdict, under proof and findings made *prior* to the submission to the jury. The procedures of § 557.036.4 which, under the *Burgin* case, supra, are applicable to both §§ 558.016 and 558.018, which are to be read together, were here followed. Section 558.018 is merely another enhancement of punishment statute which is authorized by the Legislature. Furthermore, at the time of the hearing on final disposition, appellant was offered additional time to prepare on the matter of applicability of § 558.018, and declined the offer. Appellant also claims that the procedure used deprived him of an opportunity to file an application for a bill of particulars. Presumably, such a bill could go only to the factual basis of the allegation of the prior offense of sodomy. As to notice, there was no objection to the documentary proof, and thus any matter of the right to file for a bill of particulars was waived. Obviously, appellant would know of the underlying facts to the sodomy charge to which he pleaded guilty in 1975. Point II is overruled.

By Point III, appellant claims that the trial court erred in sentencing him as a persistent sexual offender because the procedure of Rule 23.01 was not followed. He argues that Rule 23.01(b)4 requires that the section of the statute violated and the punishment statute thereunder be cited in the information. Obviously, the rule has reference to the substantive charge for which a defendant is on trial, and not to any which merely enhance the punishment. Here, the substantive charge was the felony of sodomy, and the section violated, § 566.060, punishable as a Class A felony thereunder. [The information did not reference § 558.011, which for a class A felony prescribes a sentence of a term of years not less than ten years and not to exceed thirty years or life imprisonment, but appellant does not complain of that lack of allegation on the underlying offense.] Compare *State v. Pulis,* 579 S.W.2d 395 (Mo.App.1979), holding that it was not necessary to include in an information the old second offender statute because it was not a part of the substantive charge against defendant. It was, therefore, unnecessary to set forth in the second amended information the section of the persistent offender statute, § 558.018, the *essential fact* of the prior sodomy offense being pleaded under *State v. Ellifrits,* 459 S.W.2d 293 (Mo. banc 1970), and therefore the prosecutor was not required to amend the information to cite § 558.018. Point III is overruled.

The last point asserted is that in sentencing appellant as a persistent sexual offender, the due process clause of the 14th Amendment to the United States Constitution was contravened in that the information provided him with false notice that he would be sentenced only as a persistent offender. Since the second amended information did plead the prior 1975 offense of sodomy, a sexual offense, appellant had notice that the sentence could be enhanced thereon. He had opportunity to be heard and to challenge the allegation, but chose to let it come into evidence without objection. He was accorded due process of law within the precept of *State v. Thompson,* 629 S.W.2d 361 (Mo.App.1981). Appellant, in this situation, must be held to have known that he would be subject to the *mandatory* sentencing procedure of § 558.018. Appellant's only hope was that the jury would

find him not guilty of the basic offense charged, and thus he would escape any enhancement of sentencing.

The better practice, however, should be that the state should indicate early on which enhancement statute it is going to seek, thus obviating any possibility of an attack being made on the sentencing procedures such as here made.

The judgment is affirmed.

All concur.