STATE of Missouri, Respondent,

v.

Kenneth JOHNSON, Appellant.

No. 52459.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Kenneth Johnson appeals from his jury conviction for unlawful possession of heroin, a violation of § 195.020, RSMo 1986. He was sentenced to 15 years' imprisonment. Appellant raises three points on appeal. First, he alleges error due to the admission of testimony that police investigations and prior arrests had been made in the area where appellant was arrested and that the arresting officers recognized appellant. Next, appellant claims that it was error not to sever a portion of his voluntary statement to police that referred to his prior arrest for heroin possession. Finally, he maintains that he was denied due process and should be re-sentenced because the indictment did not include the particular statute used by the trial court to impose sentence. Finding appellant's contentions to be without merit, we affirm.

The facts adduced at trial indicate that on the night of February 5, 1986, outside a liquor store at 1347 Academy in the City of St. Louis, police officers surveilled a group of five men. They observed a member of the group receive money from another individual and then saw appellant cross the street, pick up a vial from the ground, remove something, and deliver it to the individual. This sequence of events was repeated a second time with a different individual. The police approached the group and one detective seized the vial, which contained capsules later identified as heroin. Appellant was arrested and after being advised of his rights, he stated that he had previously been arrested for selling heroin on that corner, but that he had nothing to do with what the police had seized that night.

In his first point, appellant asserts that the trial court erred by allowing into evidence testimony that constituted evidence of unrelated crimes for which he was not on trial. We disagree. The police officers' testimony was limited to statements that they had made numerous narcotics arrests at that location and that they were conducting continuing investigations in the area. None of the three police officers made any reference to appellant's involvement in prior crimes. Where evidence of transactions or occurrences not directly involving the defendant "are so interwoven with other relevant evidence as to make it impossible to try the case without admitting evidence of them," such evidence is admissible. *State v. Hastings*, 628 S.W.2d 678, 680 (Mo.App., E.D.1982). Appellant has failed to show how he was prejudiced by the admission of this testimony, since it merely explained the officers' presence in the area at the time appellant was observed.

Appellant's assertion that the officers' testimony that they recognized him was evidence of prior criminal involvement is similarly unfounded. "It is well known that most police officers have a wide acquaintance among the citizenry in general and the fact that a person is known to a police officer does not necessarily convey the impression that he has a criminal record." *State v. Pitchford*, 324 S.W.2d 684, 688 (Mo.1959); *State v. Berry*, 679 S.W.2d 868, 873, (Mo.App., E.D.1984). Appellant was not impermissibly or prejudicially identified as a prior offender by the officers' testimony. This point is denied.

Appellant next claims that the portion of his voluntary statement to police referring to his prior arrest for heroin possession should have been severed prior to its introduction at trial. According to Detective Fredericksen, appellant stated that he "had been arrested for selling heroin on that corner before but that he had nothing to do with what we had taken that night." Appellant contends that this evidence impermissibly referred to unrelated crimes. This point was not properly preserved for review; we examine for plain error. Rule 30.20.

It is axiomatic that evidence of other crimes is inadmissible unless it is logically relevant in that it tends to establish a defendant's guilt for the crime with which he is charged. *State v. Cheesebrew*, 575 S.W.2d 218, 223 (Mo.App., E.D.1978). The determination of whether the relevance of the evidence outweighs any prejudice to the defendant is a matter for the trial court's discretion. *State v. Bannister*, 680 S.W.2d 141, 147 (Mo. banc 1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1985).

This court has held that to obtain a conviction for possession of a controlled substance under § 195.020, RSMo, the State must prove that the defendant knowingly and intentionally possessed the proscribed substance. *State v. Harris*, 673 S.W.2d 490, 492 (Mo.App., E.D.1984). Thus, the State here had to prove not only that appellant possessed the bottle of heroin capsules, but also that he was aware of the presence and character of the substance and was intentionally and consciously in possession of it. *State v. Cheesebrew*, 575 S.W.2d 218, 222 (Mo.App., E.D.1978). In the case at bar, appellant's statement indicated his knowledge of the contents of the vial. The trial court did not abuse its discretion in finding that appellant's entire statement was logically relevant to the crime on trial and therefore admissible to show appellant's knowledge and intent.

Even if the admission of the entire statement were error, it was harmless, for error which in a close case might call for reversal may be disregarded where the evidence of guilt is strong. *State v. Hampton*, 648 S.W.2d 162, 166 (Mo.App., E.D.1983). Three police detectives testified as to appellant's specific activities in obtaining and delivering the capsules containing heroin to customers. Against such strong, eyewitness accounts, appellant cannot make any credible claim of prejudice from the admission of his statement. Point denied.

Finally, appellant contends that the trial court erred in imposing sentence pursuant to § 195.200.1(3), RSMo 1986 because the indictment which charged him as a persistent offender failed to refer to § 195.200.1(3), RSMo 1986. *State v. Stapleton*, 661 S.W.2d 620 (Mo.App., W.D., 1983) is dispositive of this issue. *Stapleton* held that if the State pleads all essential facts which warrant a finding that the defendant is a prior, persistent, or dangerous offender, such a pleading is sufficient to put the defendant on notice that an enhanced punishment will be sought. *Id.* at 622. Appellant's indictment charged him as "a prior offender in that he has pleaded guilty to or has been found guilty of a felony" and further charged that he "[was] also a persistent offender, punishable by sentence to an extended term of imprisonment" because he has been "found guilty of two or more felonies committed at different times." Rule 23.01(b)(4), which states that the indictment or information shall cite the section of the statute alleged to have been violated and the section of the statute which fixes the penalty, was not transgressed because the rule refers to the substantive charge and not to charges which merely enhance the punishment. *Stapleton*, 661 S.W.2d at 622. Since appellant had reasonable notice of the possibility of the enhancement of his sentence under § 195.200.1(3), his claim of error is unfounded. This point is denied.

The judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ., concur.