**Charles D. ANGLIN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15706.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 13, 1988.

Motion for Rehearing or Transfer Denied and Overruled Sept. 13, 1988.

Application to Transfer Denied Nov. 15, 1988.

**376**

Larry C. Pace, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant in this action was charged with second degree burglary. He pled guilty to this charge. The court found that the movant was a "persistent offender." §§ 558.016 and 558.021.1(1). He was sentenced to 15 years imprisonment. He seeks to set aside that sentence by a motion under Rule 27.26. The trial court denied the motion. The movant appeals.

The movant filed a memorandum in support of that motion. He waived an evidentiary hearing and submitted the motion upon the basis of its allegations and the memorandum. The trial court denied the motion on the basis of the submitted memorandum.

The movant's sole allegation in his motion preserved for appeal is that the information did not specifically allege he was a persistent offender. Consequently, he argues, the information was insufficient to allow the trial court to find him a persistent offender and enhance his sentence.

The pertinent part of the information charged as follows:

[T]he defendant, in violation of Section 570.030, R.S.Mo., committed the class C felony of stealing, punishable upon conviction under Sections 558.011.1(3) and 560.016, R.S.Mo., in that on or about January 20, 1986, in the County of St. Clair, State of Missouri, the defendant appropriated a 20 ga. Winchester Shotgun, and a 22 cal. Remington Rifle, which said property was owned by James Lysinger, and defendant appropriated such property without the consent of James Lysinger, and with the purpose to deprive him thereof, and

On or about December 13, 1976, in the Circuit Court of St. Clair County, Missouri, Case # C76–123, defendant was convicted of burglary in the second degree, and

On or about December 12, 1979, in the Circuit Court of St. Clair County, Missouri, Case # CR579–650FX, defendant was convicted of the felony of carrying a dangerous and concealed weapon, and

On or about December 12, 1979, in the Circuit Court of St. Clair County, Missouri, Case # 579–705FX, defendant was convicted of the class D felony of escape from confinement.

The movant did not object to the information during his plea of guilty and sentencing.

MACH–CR 2.30 provides a general form for an indictment or information which alleges a defendant is a prior, persistent or dangerous offender. MACH–CR 2.30.2 does include the following allegation:

Defendant is a prior offender ... in that he has pleaded guilty to or has been found guilty of a felony. Defendant is also a persistent offender punishable by sentence to an extended term of imprisonment under Section 558.016 and 557.-036.4 ..., RSMo, in that he has pleaded guilty to or has been found guilty of two or more felonies committed at different times. The felonies are as follows:

This paragraph was omitted from the information in question. However, "MACH–CR forms are not mandated for usage in the same sense that the MAI–CR forms of pattern criminal instructions are required."

MACH–CR 1.00.2. The information in question obviously alleged the movant had been convicted of three prior felonies. This literally complies with § 558.021.1(1). In *State v. Robinson,* 694 S.W.2d 748 (Mo. App.1985), a movant sought relief upon a basis identical to that asserted by movant in this case. The court denied the relief and said:

> [D]efendant asserts the information insufficiently charged him with being a persistent offender, because it did not use the term 'persistent offender' and did not cite the statutory sentencing provisions. The information did specify six earlier felony convictions, which was sufficient to put defendant on notice the state was seeking to enhance the punishment. We fail to see, even assuming there was any error in the information, how defendant was prejudiced.

*Id.* at 751.

By reason of the allegations of the three prior felonies, movant must be held to know he would be subject to sentencing as a persistent offender. *State v. Stapleton,* 661 S.W.2d 620 (Mo.App.1983). *State v. Street,* 735 S.W.2d 371 (Mo.App.1987), does not aid the movant. In that case the state made no effort to charge the defendant as a repeat offender. In holding for the movant the court said: "It is not enough for the state to simply announce an intention to seek an extended sentence, the charge must set out the facts which would, if later substantiated by the proof, warrant the court in making the findings which are also a requirement of the statute." *Id.* at 373. In this case the state did allege those facts. Movant's point has no merit. *State v. Robinson,* supra; *State v. Stapleton,* supra. The judgment is affirmed.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.