**Raymond L. GRAYSON, Petitioner,**

v.

**Jim JONES, Respondent.**

**No. 88–0552–CV–W–6–P–JWO**

United States District Court, W.D. Missouri, W.D.

Feb. 6, 1989.

Raymond L. Grayson, Moberly, Mo., pro se.

Jared Richard Cone, Mo. Atty. Gen., Jeff City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING HABEAS CORPUS RELIEF

JOHN W. OLIVER, Senior District Judge.

### I

This State prisoner habeas corpus case pends in this division of this court under an order of transfer entered by the Honorable Howard F. Sachs. The order to show cause accurately stated that the petitioner "challenges his 1983 convictions and sentences for one count of first degree robbery and one count of armed criminal action in the Circuit Court of Jackson County, Missouri. Petitioner raises two grounds for relief: (1) he was denied effective assistance of counsel in that trial counsel failed to challenge or object to the victim's in-court identification of petitioner; and (2) the armed criminal action statute, Mo.Rev. Stat. § 571.015 is unconstitutionally vague." Order to Show Cause at 1.

Petitioner's conviction was affirmed on direct appeal in *State of Missouri v. Grayson*, 682 S.W.2d 62 (Mo.App.1984). *See* Respondent's Exhibit E for the unpublished opinion of the Missouri Court of Appeals, Western District. After conducting an appropriate evidentiary hearing, the State trial court denied Rule 27.26 postconviction relief. That denial was affirmed in *Grayson v. State*, 744 S.W.2d 891 (Mo.App. 1988). *See* Respondent's Exhibit L for the unpublished opinion of the Missouri Court of Appeals.

We now state the reasons why federal habeas corpus relief should be denied.

### II

The respondent's response concedes that the petitioner has exhausted the first ground alleged in his pending petition. Respondent, however, contends that the second ground was not exhausted because it

was "not raised in any of the Missouri courts." Response at 4.

Respondent's exhaustion contention in regard to the second ground is untenable. The record shows that the second ground was in fact presented to and considered on the merits by the Missouri Court of Appeals in its opinion affirming the trial court's denial of Rule 27.26 relief. The Missouri Court of Appeals noted that petitioner "was given leave to file a *pro se* supplemental brief in which he presented an additional point" and stated that petitioner's argument in support of that point "contends that the armed criminal action statute, § 571.015 RSMo 1978, is unconstitutionally vague for imposing a term of imprisonment of 'not less than three years'." Respondent's Exh. L at 3. The Missouri Court of Appeals concluded on the merits that petitioner's "supplemental point is denied." *Id.* at 4. We therefore consider the merits of both grounds alleged in petitioner's pending petition for federal habeas corpus relief.

### III

■ The State Rule 27.26 trial court, after noting that the petitioner claimed that his trial attorney rendered ineffective assistance, reliably found that the petitioner conceded on cross-examination at the Rule 27.26 hearing that his counsel had, in fact, "filed a pre-trial motion to suppress both the in-court and out-of-court identification of Movant; argued against the identification in a pre-trial suppression hearing; objected during trial when Movant was identified; extensively cross-examined the identification witness who identified Movant; raised the issue in a motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury or in the Alternative, For a New Trial; and raised it again on appeal." Respondent's Exh. G at 37. The Rule 27.26

trial court accordingly concluded that the petitioner's "claim that Mr. Locke failed to object to the victim's pretrial and in-court identification is refuted by the record." *Id.* at 38.

The Missouri Court of Appeals, in affirming the trial court's denial of Rule 27.26 relief, properly recognized that the controlling federal standard applicable to an ineffective assistance of counsel claim is stated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That court properly applied the federal standard to the facts that it reliably found when it concluded that: ,

> Appellant satisfied neither aspect of the *Strickland* test. He fails to establish any deficiency in Mr. Locke's performance and makes no showing of any resulting prejudice. The record reveals that counsel objected to the identification testimony at every stage of the proceedings.[1]

Resp's Exh. L at 3.

We find and conclude that the first ground alleged in petitioner's petition is untenable.

### IV

■ As we noted in footnote 1 above, the Missouri Court of Appeals denied on the merits petitioner's claim that Section 571.015 R.S.Mo.1978 was unconstitutionally vague. The constitutionality of Missouri's armed criminal action statute has in the past been subject to various constitutional attacks. *See* the Supreme Court of Missouri cases cited in *State v. Hunter,* 622 S.W.2d 374, 351 (Mo.App.1981), for the cases in which the Supreme Court of Missouri once concluded that the statute was unconstitutional.

The Supreme Court of the United States reversed the Supreme Court of Missouri's

---

1. The Missouri Court of Appeals noted that the "issue of the reliability of the identification testimony was presented to this court in appellant's direct appeal and was resolved." Resp's Exh. L at 3. The unpublished opinion of the Missouri Court of Appeals on direct appeal ruled that question in an exemplary manner. Its opinion properly recognized that the controlling federal standard was articulated in *Stovall v. Denno,*

388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); and in *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed. 2d 140 (1977). That standard was properly applied in a detailed opinion to the facts that were reliably found on the basis of the trial court transcript.

constitutional construction of what is now Section 571.015 in *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). After the Supreme Court of the United States' decision in *Hunter,* State prisoner claims of unconstitutionality have been reduced to a claim that the Missouri armed criminal action statute is unconstitutionally vague. We reject that claim as untenable.

The familiar standard of constitutional vagueness is stated in *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972) (a statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."). We find and conclude that the Missouri Court of Appeals properly applied the applicable federal standard in concluding that Section 571.015 meets that standard. Accordingly, we conclude that the second ground alleged in petitioner's petition for federal habeas corpus relief is untenable.

## V

For the reasons stated, it is

ORDERED that the petitioner's petition for federal habeas corpus relief should be and the same is hereby denied.

