**Lyndall C. SHIVE, Movant–Appellant,**

v.

**STATE of Missouri,
Defendant–Respondent.**

**No. 16036.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 7, 1989.

James R. Schumacher, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Presiding Judge.

Movant appeals from a denial, after evidentiary hearing, of his Rule 29.15, V.A.M.R., motion to set aside a judgment and sentence for robbery in the first degree. The conviction, entered after jury trial, was affirmed by this court. *State v. Shive*, 622 S.W.2d 769 (Mo.App.1981).

Movant's sole point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because "the sentencing court acted without authority in enhancing movant's sentence for robbery in the first degree from 22 years to 30 years imprisonment pursuant to § 558.016 in that the court should have acted pursuant to § 557.036, to enhance movant's sentence." The statutory references are to RSMo 1978, and each of those statutes has since been amended.

The same point, advanced on a somewhat different theory, was raised and rejected on direct appeal. *State v. Shive*, supra, at 771[1, 2]. "A matter decided on an earlier appeal cannot be subjected to another review by subsequent post-conviction relief proceeding, even though the litigant has a different theory to suggest." *Medley v. State*, 639 S.W.2d 401, 404[6] (Mo.App. 1982). To similar effect see *Choate v. State*, 659 S.W.2d 354, 355[2] (Mo.App. 1983). Moreover, there is no merit in movant's contention, advanced only in his argument as distinguished from his point, that the information was defective in citing § 558.016 instead of § 557.036. See *State v. Stapleton*, 661 S.W.2d 620, 622[3] (Mo. App.1983), and *State v. Robinson*, 694 S.W.2d 748, 751[11] (Mo.App.1985).

The judgment is affirmed.

MAUS and PREWITT, JJ., concur.