**STATE of Missouri, Respondent,**

v.

**James LOGAN, Appellant.**

**No. 54630.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1991.

Application to Transfer Denied
June 11, 1991.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of attempted robbery in the first degree. He was sentenced as a prior and persistent offender to thirty years' imprisonment. We affirm.

At 9:30 p.m. on April 5, 1987, victim was returning to her apartment in St. Louis, Missouri. As she got out of her car and began to retrieve her laundry hamper, a man approached her. He pointed at her with his arm extended and a jacket draped over his hand and said: "Don't move, don't move." Victim started screaming and pushed the man's arm away. The man then hurried over to a waiting car, got in with his companion, and drove away. Victim identified defendant as the man who approached her. She testified that when she pushed defendant's arm away, she felt something in his hand under the jacket and thought it was a gun. The arresting officer testified that while in custody, defendant admitted he intended to rob and rape victim, although "he wasn't going to hurt her."

On appeal, defendant initially challenges the sufficiency of the evidence to sustain the conviction. We must accept as true all evidence and inferences tending to support the verdict and disregard all evidence and inferences to the contrary. *State v. Brown*, 660 S.W.2d 694, 698[10] (Mo. banc 1983).

Defendant was convicted of attempted robbery in the first degree. Attempt is defined in § 564.011, RSMo 1986, as follows:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

The elements of robbery in the first degree are set out in § 569.020, RSMo 1986.

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) causes serious physical injury to any person; or

(2) is armed with a deadly weapon; or

(3) uses or threatens the immediate use of a dangerous instrument against any person; or

(4) displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

■ Defendant's admission he intended to rob victim, coupled with the "substantial step" of displaying what victim perceived to be a gun was strongly corroborative of defendant's stated purpose of robbing victim. Accordingly, reasonable jurors could have found defendant guilty of attempted robbery in the first degree.

■ Defendant next contends the trial court erred in refusing to submit defendant's proffered verdict director for the lesser included offense of attempted robbery in the second degree. Defendant argues the jury could have found he did not approach victim with a deadly weapon or dangerous instrument, thus rendering the second degree instruction appropriate. However, instruction on a lesser included offense is required only when "there is some affirmative evidence of a lack of an essential element of the higher offense which would not only authorize acquittal of the higher, but sustain conviction of the lesser." *State v. Olson*, 636 S.W.2d 318, 322[6] (Mo. banc 1982). Defendant's raised arm with his hand covered by a jacket gave the appearance of a threat from a concealed weapon. Defendant did not testify, and there was no other evidence. This appearance of a dangerous weapon created victim's reasonable belief that it was capable of causing her great bodily harm. *See State v. Dickerson*, 607 S.W.2d 196, 197[1] (Mo.App.1980); *State v. Steffenhagen*, 671 S.W.2d 344, 346[2] (Mo.App.1984). Thus the evidence did not support the submission of an instruction for attempted second-degree robbery. Point denied.

■ In his third point, defendant asserts the trial court lacked jurisdiction to

sentence him as a persistent offender. Defendant claims this lack of jurisdiction arises because the information failed to plead the fact that the felonies to which defendant pleaded guilty were committed at different times. Although the information should have charged that the felonies were committed at different times, defendant was not prejudiced by this failure. The information in question obviously alleged the defendant pleaded guilty to three prior felonies. This literally complies with § 558.021.1(1), RSMo 1986. *Anglin v. State*, 759 S.W.2d 375, 377 (Mo.App.1988). Because of the allegations of the three prior felonies, defendant must be held to know he would be subject to sentencing as a prior offender. *Id.* Defendant could have filed a motion for a bill of particulars as provided by Rule 23.04. In the absence of such a motion, the court is entitled to assume that a defendant is satisfied the information, as filed, fully and acceptably advised him as to the facts charged. *Sours v. State*, 692 S.W.2d 2, 3[2] (Mo.App. 1985). Point denied.

■ Defendant next submits the trial court erred in overruling his objection to the testimony of Detective Froehlich, the arresting officer. Detective Froehlich testified he arrested defendant after talking to both the driver and the owner of the car defendant entered after approaching victim. Defendant is correct in his assertion that Froehlich's testimony was inferential hearsay and was erroneously admitted. The Missouri Supreme Court held in *State v. Valentine*, 587 S.W.2d 859, 861[1] (Mo. banc 1979):

> It is hornbook law that a witness may not testify to facts if those facts are based on hearsay. It is no less a violation of the hearsay rule to set up a set of circumstances by the testimony of a witness which invites the inference of hearsay.

However, the error was harmless. Victim's uncontroverted testimony positively identifying defendant, in addition to defendant's confession, is strong independent evidence of guilt. *See State v. Hunter*, 622 S.W.2d 374, 379[5] (Mo.App.1981) (vacated in part on other grounds, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535).

■ Defendant also claims the admission of Froehlich's testimony violated his constitutional right to confront witnesses. The Constitutional issue is not available on appeal. Defendant did not object at the earliest opportunity. *State v. Pieron*, 755 S.W.2d 303, 307[4] (Mo.App.1988). Point denied.

■ In defendant's final point on appeal, he alleges the trial court abused its discretion in failing to declare a mistrial following Officer Froehlich's response, "Do you want me just to speak about this specific incident, is that correct?" made during direct examination. Defendant also contends the trial court should have ordered a mistrial when a State's witness testified she had previously seen defendant in a lineup. Defendant objected on both occasions, the objections were sustained, and the jury was ordered to disregard the statements. Defendant's motions for a mistrial were denied. Defendant argues these statements denied him a fair trial, being evidence of the commission of another crime.

■ Mistrial should be granted only in extraordinary circumstances. *State v. Sloan*, 786 S.W.2d 919, 922[5] (Mo.App. 1990). The trial court is in the best position to evaluate the prejudicial effect, if any, on the jury. *Id.* The prompt curative action taken by the trial court in this case was sufficient given that the prejudice from the statements, if any, was minimal. The prosecutor did not embellish on the testimony, and the statements were vague and lacked details of a specific crime. *See Sloan*, 786 S.W.2d at 922. Further, the record does not indicate these statements were anything other than inadvertent. Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.