**STATE of Missouri, Respondent,**

v.

**Jack K. BROMLEY, Appellant.**

**No. WD 45834.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1992.

Roy W. Brown, Bruce B. Brown, Brown & Brown, Kearney, for appellant.

Randall D. Thompson, Harrison County Prosecuting Atty., Bethany, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

PER CURIAM:

Jack K. Bromley challenges the sufficiency of the evidence in his conviction of exceeding the truck speed limit of sixty miles per hour in violation of § 304.010.2, RSMo Supp.1990 (amended 1991).

The judgment is reversed.

On February 18, 1991 at 8:51 p.m., a state trooper patrolling I–35 observed a tractor/trailer pulling a grain trailer, called a "hopper bottom." Believing the truck to be speeding, the trooper activated radar equipment and determined the truck's speed to be eighty miles per hour. The trooper activated the emergency signal device of the vehicle he was driving, and the truck stopped. The trooper ticketed Mr. Bromley, who was driving the truck. The ticket indicated that Mr. Bromley had "exceeded truck speed limit of 60 mph" by "driving 80 mph when limited to 60 mph."

Mr. Bromley was charged and convicted under § 304.010.2, which provides in pertinent part that

... no truck *registered for a gross weight of more than twenty-four thousand pounds* shall be operated at any time in excess of sixty miles per hour.... [emphasis added]

Section 304.010.2(4) defines the word, "truck," as used in subsection 2 as

... any vehicle, machine, tractor, trailer or semitrailer, or any combination thereof, propelled or drawn by mechanical power and designed for or used in the transportation of property upon the highways.

Mr. Bromley contends that the state made no submissible case. In support, he cites the state's failure to present any evidence showing that the registered gross weight of the truck exceeded twenty-four thousand pounds. Mr. Bromley's contention is well-founded and dispositive of this appeal.

Although the trooper testified that the vehicle was a "truck" and described it as a "tractor/trailer pulling a grain trailer," no evidence established the vehicle's registered gross weight or provided inferences from which the registered gross weight could be determined. The statute charging Mr. Bromley placed a sixty-mile speed limit only on trucks "registered for a gross weight of more than twenty-four thousand pounds." Registered gross weight of over twenty-four thousand pounds is an essential element of the offense, which the state failed to prove. The state has the burden of proving each and every element of a criminal offense, and the state's failure to meet that burden mandates reversal of any conviction obtained under those circumstances. *State v. Todd*, 805 S.W.2d 204, 205 (Mo.App.1991). The state's failure to provide proof essential to the misdemeanor charge necessitates reversal of Mr. Bromley's conviction of violating § 304.010.2.

The judgment is reversed, and Mr. Bromley is discharged from the $75 fine imposed as a result of the conviction.