STATE of Missouri, Respondent,

v.

John LOGAN, Appellant.

John LOGAN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 67776, 70281.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 11, 1997.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jacqueline K. Hamra, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Defendant John Logan was charged and found guilty by a jury of stealing, § 570.030 RSMo 1986.[1] The charged crime was enhanced from a class A misdemeanor to a class C felony pursuant to § 570.040 after the state alleged and proved two prior stealing convictions. Logan also had three prior felony convictions and was thus sentenced as a prior and persistent offender to a ten (10) year term pursuant to § 558.016. He appeals on two related points. First, he argues the indictment charging him with felony stealing was "fatally defective" because it charged him with violating § 570.030 and not § 570.040. Section 570.030.1 defines the crime of stealing. Section 570.040 enhances a third stealing conviction to a class C felony. Second, Logan argues the state failed to prove any of the elements of felony stealing under § 570.030.3 because it failed to offer proof of .3(1), value of stolen property being $150 or more; or, .3(2), Logan physically took the property from the person of the victim; or .3(3), Logan took a specific type of property enumerated in the statute.[2] We hold Logan was correctly charged under § 570.030 and sentenced under § 570.040.

On May 16, 1994, David Wade saw two men, defendant Logan and another, sitting next to a parked car in the city of St. Louis. From his apartment across the street, Wade heard the sound of glass breaking. He looked out his window and saw one of the two men remove a red tool box from inside the parked car. The men went down the street to local bar. Wade called the police from his apartment, then went to the bar.

As Wade approached the bar, the two men he had seen taking the tool box came out of the bar. Wade stopped them and said he had seen them take the tool box from the car. He asked them to give it to him so he could return it to its owner. Logan responded he was selling the tool box and would sell it to Wade, but could not give it to him. During this conversation, a police car approached the bar. Logan and his companion fled. They were later apprehended by the police. The police took Logan along with the tool box back to the vicinity of the parked car, where the owner of the car, Mark Shumpert, identified the tool box as being his.

1. All statutory references are to RSMo 1986.

2. Items listed under this subsection include: motor vehicles, watercraft or aircraft; any will or unrecorded deed affecting real property; credit cards or letters of credit; firearms; United States flag intended or used for open display; original copy of legislative material; any judicial pleadings or judgments of courts; voter registration records; various animals; and narcotic drugs as defined in § 195.010.

Wade identified Logan as one of the men he saw taking the tool box.

A grand jury indicted Logan as a prior and persistent offender and with stealing while having two prior convictions of stealing, a class C felony. Count three (3) of the indictment read:

> The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant and another, in violation of Section 570.030, RSMo, committed the class C felony of stealing, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that on the 16th day of May, 1994, in the City of St. Louis, State of Missouri, the defendant and another appropriated a car stereo, tool box and tools which said property was owned by MARK SHEPPARD,[3] and defendant and another appropriated such property without the consent of MARK SHEPPARD and with the purpose to deprive MARK SHEPPARD thereof.
>
> On April 20, 1982, in the Circuit Court of the City of St. Louis, Missouri, the defendant was convicted of the offense of stealing, and
>
> On January 11, 1985, in the Circuit Court of the City of St. Louis, Missouri, the defendant was convicted of the offense of stealing.

The state presented evidence to support a finding of Logan's two prior stealing convictions, and three prior felony convictions. The trial court found beyond a reasonable doubt that Logan had two prior stealing convictions, and was a prior and persistent offender. The jury returned a verdict of guilty on the charge of stealing. The trial court sentenced Logan to ten years imprisonment as a prior and persistent offender for stealing, a felony.

Logan filed a Rule 29.15 motion for post conviction relief alleging the trial court was without jurisdiction to impose judgment and sentence on him because the indictment was

"fatally defective" and also asserting that the state had failed to prove an essential element of the crime charged under § 570.030. Logan also claimed that the time limits of Rule 29.15 were unconstitutional.[4] The motion court denied Logan's Rule 29.15 motion without an evidentiary hearing. The issues on appeal from denial of post conviction relief are a duplication of the direct appeal issues.

■ Logan's first point is that the indictment charged him with violating § 570.030 and made no reference to § 570.040, the statute on which he was ultimately convicted. He relies on Rule 23.01(b)(4) which states that an indictment shall "[c]ite the section of the statutes alleged to have been violated and the section of the statutes which fixes the penalty or punishment therefor." He relies on *State v. Hogan*, 748 S.W.2d 766, 770 (Mo.App.1988), where we held that an indictment must contain all the essential elements of the offense as set out in the statute and clearly apprise the defendant of the facts constituting the offense to the charge. He concludes the failure to include § 570.040 rendered the indictment fatally defective and the trial court was without jurisdiction to enter judgment and sentence against him.

In *State v. Parkhurst*, 845 S.W.2d 31, 34–35 (Mo. banc 1992), our Supreme Court held a defendant cannot assert a trial court lacks jurisdiction due to an insufficient indictment. *See also, State v. Briscoe*, 847 S.W.2d 792, 794 (Mo. banc 1993) (noting that an insufficient indictment does not affect jurisdiction); *State v. Moorehead*, 875 S.W.2d 915, 919 (Mo.App.E.D.1994) (a claim of lack of jurisdiction due to an insufficient indictment is no longer cognizable). These cases are decisive.

■ An indictment is not necessarily insufficient merely because statutory references are omitted or the wrong statutes cited. *State v. LaPlant*, 673 S.W.2d 782, 785 (Mo. banc 1984). Logan did not raise the issue of the indictment being "defective" during the trial, but raised the issue for the first time on appeal. Our Supreme Court concluded on facts similar to Logan's:

---

3. The indictment alleged the property was owned by Mark Sheppard. In fact, the property was owned by Mark Shumpert. The discrepancy was not the subject of any claim of error or prejudice. This defect did not prejudice the defendant's substantive rights. Rule 23.11

4. The motion court denied this claim, and the defendant has not appealed on this issue.

When the issue [of a deficient indictment] is raised for the first time after verdict, the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

*Parkhurst*, 845 S.W.2d at 35. We find Logan was convicted of the charged offense, stealing, in violation of § 570.030, as charged and tried without objection.

■ Only if the indictment was so deficient that the defendant was not placed on notice as to what crime he was being charged with, or was so lacking that the defendant was unable to properly prepare a defense will we conclude that such a defendant has suffered actual prejudice. *State v. Briscoe*, 847 S.W.2d at 794–95. The test for a sufficient indictment is whether it contains all the essential elements of the offense as set out in the statute creating the offense and clearly apprises the defendant of facts constituting the offense. *State v. O'Connell*, 726 S.W.2d 742, 746 (Mo. banc 1987). *See also, State v. Brown*, 660 S.W.2d 694, 698 (Mo. banc 1983); *State v. Kesterson*, 403 S.W.2d 606, 609 (Mo. 1966); *State v. Parker*, 792 S.W.2d 43, 44 (Mo.App.1990). The failure to plead all essential elements of a crime will result in reversal only when the defendant suffers actual prejudice therefrom. *Briscoe*, 847 S.W.2d at 795.

Logan was charged with the crime of stealing in violation of § 570.030. The indictment alleged Logan had appropriated a tool box, tools, and other property of another individual with the purpose to deprive that individual of possession of such property. The indict-ment also includes allegations that Logan had been convicted of stealing on two prior occasions. Therefore, the indictment did allege all essential elements of the charged crime and the prior stealing convictions necessary to enhance the charged crime to a class C felony. We have held an indictment need only refer to the substantive charge and not necessarily to matters which pertain only to enhance the punishment. *State v. Johnson*, 733 S.W.2d 779, 782 (Mo.App.1987). The indictment referred not only to the substantive charge of stealing, as defined in § 570.030, but also to the substantive elements of two prior stealing convictions which implicated § 570.040.

■ Significantly, the indictment tracked the language of MACH–CR 24.02.1.[5] Compliance with the approved charging forms satisfies the content requirements for an indictment pursuant to Rule 23.01(e). *State v. Higdon*, 774 S.W.2d 498, 500 (Mo.App.1989). If Rule 23.01(e) is satisfied, then any claims made under 21.01(b) will not prevail unless the defendant can show he suffered actual prejudice. Logan has not argued and could not establish that he was prejudiced in any way by the indictment which adequately informed him and his counsel of the charge against him. *State v. Allen*, 905 S.W.2d 874, 879 (Mo. banc 1995). The primary purpose of an indictment is to give the defendant and his counsel sufficient notice of the crime charged to allow for adequate preparation of a defense. *State v. Taylor*, 929 S.W.2d 209, 218 (Mo. banc 1996). We find the indictment provided Logan with sufficient notice to prepare a defense to the charge of stealing. Point one denied.

■ Logan argues the state failed to prove an essential element of felony conviction under § 570.030 because it did not prove any of the matters contained in § 570.030.3. He contends the critical inquiry is whether the evidence could reasonably support a finding of guilt beyond a reasonable doubt to sustain a criminal conviction of a class C felony. *Jackson v. Virginia*, 443 U.S. 307,

---

5. The grand jury complied with the 1979 version of MACH–CR 24.02.1, which was in effect at the time the crime was committed. That version required the charge to read "punishable upon conviction under Sections 558.011.1(3) and 560.011" if the defendant was being charged with felony stealing. The 1995 version reads, "punishable upon conviction under Sections 558.011, 560.011, *and 570.040*." (emphasis added). The addition does not affect the decision in this case.

318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). The state has the burden of proving each and every element of a criminal offense, and the state's failure to meet that burden mandates reversal of any conviction obtained under those circumstances. *State v. Bromley*, 840 S.W.2d 288, 289 (Mo.App. W.D.1992).

"It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process." *Jackson*, 443 U.S. at 314, 99 S.Ct. at 2786. Enhancement under § 570.040 depends on proof of all the elements of stealing as defined in § 570.030, and proof defendant has been convicted of stealing on two prior occasions. There was evidence for the jury to find defendant guilty of the charged stealing and the court to find defendant was twice convicted of stealing. The flaw in Logan's argument is his assumption that misdemeanor stealing can be enhanced only by allegations and proof of one of the categories in § 570.030.3. Section 570.040 is an alternative authority for enhancement. The evidence was sufficient to support the charged crime and enhancement.

We affirm the sentence and denial of Rule 29.15 relief.

RHODES RUSSELL, P.J. and SIMON, J., concur.